## TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 Constitution Avenue, NW, Washington, DC 20001

**FILED**
APR 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Radcliffe Bancroft Lewis, **Pro Se**

*Plaintiff*

v.

The District of Columbia Judiciary, Et al

*Defendants*

Case: 1:07-cv-00697
Assigned To : Leon, Richard J.
Assign. Date : 04/17/2007
Description: Lewis v. D.C. Judiciary, et al.,

---

### MANDATORY MOTIONS *To use P.O. Box*

**(Pursuant to F.R.C.P. Rule 4 as Amended, 28 USC 1915 and 44 USC 35, *et seq*.)**

Motions to Proceed In Forma Pauperis, to Proceed Without an Address, and to Supplement Complaint After Substitution of Parties.

Plaintiff Radcliffe Bancroft Lewis now moves this honorable court to grant him leave to proceed in forma pauperis, to proceed without an address, and to supplement his complaint after the substitution process of the defendants and initial response of their counsels indicating the nature of such substitutions. Plaintiff states the following in support:

**RECEIVED**
MAR 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### I. ON MOTION TO PROCEED IN FORMA PAUPERIS

Radcliffe Bancroft Lewis, Plaintiff, now moves this honorable court to allow for a waiver of fees. Plaintiff is indigent having acquired less than Two Thousand (USD $2000.00) dollars in business income and zero dollars in other tips and wages over the past year. Plaintiff does not have a place to reside because he is unable to support a lease, and he is also unable to pay rents, at this time. Moreover, Plaintiff has no tangible assets (such as automobiles, or other real products). Plaintiff is not a dependent on any other person for his personal means or livability. Currently Plaintiff has no expected income for the foreseeable future on which he may vest the ability to assure payment of court fees. Plaintiff's business ventures is a matter of material consideration respective to the instant Complaint.

**RECEIVED**
JAN 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RECEIVED**
FEB 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## II. ON MOTION TO PROCEED WITHOUT AN ADDRESS

Plaintiff hereby repeats his statements made here in section I immediately above and adds that:

As Plaintiff does not have a lease and is not dependent on another for his livability, Plaintiff is deprived of having a stable mailing address. Plaintiff previously had a mailbox, but the deadline for maintaining the payment for the mailbox was in October of 2006. Plaintiff has not been able to afford the requisite (about) thirty seven (USD $37.00) dollars since and is now no longer able to receive mail at the mailbox. Plaintiff's default mailing address prior was with a non-profit institution that provides such service to indigent members of the community. Plaintiff however has been barred from the institution for what Plaintiff perceives as ideological and discriminator reasons. In any event Plaintiff feels threatened to enter that premises on a regular basis as a result of an incident prior to the otherwise arbitrary and capriciously disbarment therefrom. Plaintiff did not file human rights violations regarding that incident or the subsequent disbarment, but prepared a draft in anticipation of such and now includes a statement containing a copy of such a draft as too the details of the occurrences regarding that disbarment. [See **Exhibit #1: Affidavit Regarding the Associated Catholic Charities, attached hereto.**] In fact, Plaintiff does not have any confidence left in any of the social service agencies (or asylums) that provide such services, as in the past, his mail has been interrupted, and or intercepted, and this has caused Plaintiff harm in his communicative affairs with the courts. Moreover, Plaintiff now does not have the luxury to wait any longer perchance some better fortune attends to him and must at this time proceed with the immediate action in spite of this want and need for a mailing address.

## III. ON MOTION TO SUPPLEMENT COMPLAINT AFTER SUBSTITUTION OF PARTIES

Pursuant to F.R.C.P, and the PWRA, Comes now Plaintiff to move this honorable court to allow him leave to supplement the commenced Complaint after the substitution of parties.

Plaintiff hereby repeats his here accompanying Complaint, particularly the first paragraph thereof as well as section IV (PRELIMINARY EXPLANATION) therein and adds that as this action is extraordinary and complex, and here initially includes a diverse and numerous number of parties, and as Plaintiff contends that he has been unduly harmed by the actions of these defendants, as others (such as indicated in Exhibit #1) even at this first juncture of commencement of action, any action, Plaintiff is strained to present and duplicate for the numerous parties here expressed, the various numbers of pages and exhibits necessary for Plaintiff to properly present his case. Plaintiff asserts here that despite the loss of much property over the time that the parties should have had been in good faith attending administratively to his complaints and claims, Plaintiff has a body of documents that may from time to time have to be presented before this court and to defendants. Nevertheless, Plaintiff here in this action seek to cure the

process of redress sufficient to enable the very parties to engage a level of investigation of his complaints and claims which significantly include matters of discrimination. In such matters particularly, and in any case brought forth against these parties who for the most part are considered member-elements of sovereign bodies, it is generally the rule that such bodies engage a substitution process. The defendants a members of two such sovereign bodies, namely the "United States of the America" and the "District of Columbia" and these bodies are usually represented by the the United States Attorney for the District of Columbia, and the Attorney General for the District of Columbia respectively, in this jurisdiction. In keeping therefore with the 44 USC 3501 et seq. it is economical for Plaintiff to be able to proceed with his action, then for substitution of parties, and then for Plaintiff to supplement his Complaint with a Memorandum in Support, which will among other things delineate his cause of action and basis of claims in the event the defendants present responses indicating that they are not clear on such this, as such United States attorneys and attorney generals tend to, as a matter of general reaction, do, whenever complaints are initiated against such sovereign bodies (their clients).

For this reason Plaintiff now respectfully request leave to supplement his Complaint after substitution of parties and their acknowledgement of receipt of complaint, and initial responses (in which Plaintiff is inclined to believe this defendants counsels will be able to indicate the nature of such substitutions and appropriate contact points thereafter).

## IV. NECESSITIES

Plaintiff asserts here that he would be unduly harmed if these motions are not granted at the onset of his commencement of action. Without granting of the first or second (as stated in sections I, and II above) Plaintiff is un-equitably stayed from this Court in any action. Without the granting of the latter (as stated in section III above) Plaintiff who is already in extreme hardship will be most hard pressed to prosecute his action even if this Court grants him the former requests. To commence with an explanation of the situation, Plaintiff hereby adds the Preliminary Memorandum in Support of both this Motion and the commence Action.

WHEREUPON in relation to the foregoing comes not plaintiffs motions to proceed in forma pauperis, to proceed without an address, and supplement his complaint after substitution of parties.

Respectfully Submitted by,

[signature]                                        1/27/07

Radcliffe Bancroft Lewis, Pro Se.

Email: rad_bancroft@hotmail.com

---

### Rule 5 Notice

In keeping with 28 USC 1915 (d), Plaintiff hereby files a copy of the accompanying **Complaint**, **Preliminary Memorandum**, as well as a copy of this instant set of motions along with the relevant **Order** draft with the Clerk of the Court for each of the defendants listed in the instant commenced **Complaint** to wit:

Defendants Ann B. Wick, DC Judiciary, Rufus King III, DC Superior Court, Robert Sullivan, Public Defender Service, Julia Leighton, Public Defender Service, Brenden Wells, Public Defender Service, Lewis Wallace, DC Superior, Court, Elaine L. Chao, Department of Labor, Alberto G. Gonzales, Department of Justice, and Nancy Pelosi, Congress of the United States.

*[signature]*    1/27/07