UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE B. LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>) | CASE NO. 07-697 RJL |

**FEDERAL DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OR FOR A MORE DEFINITE STATEMENT HIS CLAIMS**

Federal defendant moves, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(1) and (6), to dismiss plaintiff's complaint. In the alternative, federal defendant moves, pursuant to Rule 12(e), for a more definite statement of plaintiff's claims against the United States of America. In support of this motion, this Court is referred to the attached memorandum of points and authorities. A proposed order is also attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RADCLIFFE B. LEWIS, )<br>         Plaintiff, )<br>         v. )<br>DISTRICT OF COLUMBIA, et al. )<br>         Defendants. ) | CASE NO. 07-697 RJL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL
DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

Plaintiff, Radcliffe B. Lewis, initiated this civil action by filing an almost incomprehensible Complaint against numerous defendants.[1]  It appears that plaintiff is seeking "equitable relief" apparently relating to his status as a "CJA Investigator" in the local D.C. Courts under the Criminal Justice Act ("CJA") program. See R. 1, III. Reliefs Sought and IV. Preliminary Explanation.  It also appears that he has filed a civil rights complaint with "the District of Columbia Courts' Equal Opportunity Office, and now to be filed with the Department of Justice's Office of Justice Programs, and or, the Office of / for [sic] Civil Rights therein." Id. at IV.  There are only vague references to claims against the federal defendants, nothing clear and understandable.  Although plaintiff seeks mandamus, there is no jurisdictional statement.

---

[1] The Court, sua sponte, dismissed all defendants but the United States and the District of Columbia. R. 6.

Because plaintiff presents no facts that set forth a claim against the United States and avers no jurisdictional basis for his cause of action, plaintiff's complaint is subject to dismissal pursuant to Fed. R. Civ. P. 8(a), 12(b)(1) and 12(b)(6). Should the Court determine dismissal is not warranted, defendant alternatively moves for an order for a more definite statement of plaintiff's claims.

DISCUSSION

Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate when the Court lacks jurisdiction of the subject matter of the case. Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a party has failed to set forth a claim upon which relief may be granted. Conley v. Gibson, 355 U.S. 41, 45-46. Although the Court must accept all well-pleaded allegations as true and construe the Complaint in the light most favorable to the plaintiff, "[t]he court need not accept inferences drawn by [plaintiff] if such inferences are unsupported by the facts set out in the complaint." Western Associates, Limited Partnership v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Bell Atlantic Corp. v. Twombly, __ U.S. ___,127 S.Ct. 1955 (2007).

A cursory review of plaintiff's complaint shows that plaintiff: (1) can prove no set of facts in support of his claim; and (2) has failed to establish a jurisdictional basis for his action. See Conley v. Gibson, 355 U.S. 41, 45-46. He is also not in compliance with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim" for relief.

Plaintiff's complaint appears to be against the D.C. Court System and relates to his role as a CJA investigator. Although federal defendant has no knowledge of this claim, defendant is aware of a previous complaint filed in this Court involving an offset of payments by the United

2

States in connection with plaintiff's employment as a CJA investigator in the D.C. CJA program. See Lewis v. Lewis Wallace, et al., 04-600 (GK). In that case, summary judgment was entered in favor of federal defendants on the claims asserted. Id. at R. 25-26. The facts in that case involving a federal offset are entirely different from the discernible facts here.

In the instant case, there are no facts presented relating, whatsoever, to a claim against the United States. There are only vague references to a complaint that plaintiff alleges is to be filed with certain offices of the Department of Justice. There is nothing in the present complaint that provides fair notice to federal defendant of any claims against it and, as pled, the complaint appears to be frivolous on its face. See Karim-Panahi v. U.S. Congress, Senate and House of Representatives, 105 Fed.Appx. 270, 274 (D.C. Cir. 2004); see also Grogan v. General Maintenance Serv. Co., 763 F.2d 444, 449 (D.C. Cir. 1985); Tripati v. Williams, 759 F. Supp. 3, 4 (D.D.C. 1990).

Even though plaintiff is pro se, he still must provide sufficient information so that the defendant can determine what cause of action is asserted. See Redwood v. Council of the District of Columbia, 679 F.2d 931, 933 (D.C. Cir. 1982). He has not done so here.

Accordingly, plaintiff's action against federal defendant should be dismissed pursuant to Fed. R. Civ. P. 8, 12(b)(1) and (6).

Should the Court determine that dismissal is inappropriate at this stage of the proceedings, defendant moves, in the alternative, for an order directing plaintiff to provide a more definite statement of his claim against the United States, pursuant to Fed. R. Civ. P. 12(e). Because plaintiff's claims are so vague and ambiguous that federal defendant cannot reasonably be required to frame a responsive pleading, plaintiff should be required to provide a more

definite statement of his claim. See Towers Tenant Ass'n, Inc., v. Towers Ltd. Partnership, 563 F.Supp. 566, 569 (D.D.C. 1993).

## CONCLUSION

For the foregoing reasons, the federal defendant respectfully requests that this case be dismissed from the docket of this Court or, in the alternative, the plaintiff be directed to provide a more definite statement of his claim against the United States. A proposed order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing motion and proposed order was served this 13th day of August 2007, on plaintiff by first class mail, postage pre-paid to:

>Radcliffe B. Lewis
>1901 15 St., Suite #4
>Washington, D.C. 20009

>_____
>CLAIRE WHITAKER, DC Bar #354530
>Assistant United States Attorney
>555 4th Street, NW, E-44204
>Washington, DC 20530
>(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE B. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 07-697 RJL |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

Upon consideration of defendant's motion to dismiss or in the alternative, for a more definite statement, the opposition and reply thereto, and after a review of the entire record before the Court, it is this _____ day of _____, 2007,

ORDERED, that said motion be, and hereby is, granted. Plaintiff's action is dismissed from the docket of this Court.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

RADCLIFFE B. LEWIS, pro se
1901 15 St., Suite #4
Washington, D.C. 20009

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530