**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**333 Constitution Avenue NW. Washington, DC 20001**

| | |
|---|---|
| Radcliffe Bancroft Lewis, Pro Se<br>*Plaintiff,*<br><br>vs.<br><br>District of Columbia<br><br>And<br><br>The United States of America<br>***Defendant*** | Case No.: 1:07 –cv-697 rjl |

## APPLICATION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT DISTRICT OF COLUMBIA

(Pursuant to F.R. Civ. P. 55, (a), (b), (2))

Comes now Plaintiff Radcliffe Lewis to respectfully moves this Court for the granting of affirmative relieve through judgment by default against the District of Columbia as a matter of right.

In keeping with F.R. Civ P. 65.1 (b) (to what degree such or like rule may be applicable here) on 11 October 2007, at about 4:40 pm, Plaintiff contacted Clair Whitaker, Esquire, counsel for defendant United States by calling (202) 514-7137 to seek consent for the filing of this motion. Plaintiff explained the intended effect of this motion as one seeking default judgment against the District of Columbia, but that the amended claims for general damages against defendant United States would be held in abeyance pending results of the investigation that plaintiff seeks, and received the following reply:

1. That counsel is of the comprehension that the pendant motion is a dispositive motion against the District of Columbia and that the United States takes no position on a motion filed against the District of Columbia.

2. That "there seems to be a bad connection".

3. That counsel "will be out of town" until Wednesday.

### Statement of Genuine Issues

· Where Plaintiff filed suit and summons having been served, the Districtof Columbia has been unresponsive thereto.

· The instant Action is first and foremost an Action for Injunctive Relief

· In the light most favorable to the defendants, affirmative relief is an equitably practical manner for the resolution of this Action.

· Plaintiff is entitled to affirmative relief as a matter of right.

In support of this Application Plaintiff hereby provides the here attached Memorandum, and proposed Order page.

Respectfully submitted by

Radcliffe B. Lewis

1901 15th Street, NW, #4

Washington, DC 20009

### Rule 4 Notice

I, Radcliffe Bancroft Lewis, hereby affirm under penalty of perjury that on this 2nd day of Otober, 2007, I caused this here-above stated Response to be delivered by way of hand

delivery, the following:

The Office of the Attorney General for the District of Columbia

441 4th Street, NW, Suite 1060 N, Washington, DC, 20001

And to

The United States Attorneys Office

555 Fourth Street, NW (Room 10808)

Washington, DC 20530

Sign:



**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**333 Constitution Avenue NW. Washington, DC 20001**

Radcliffe Bancroft Lewis, Pro Se |
     *Plaintiff,* |

          |

vs. |

          |
         | Case No.: 1:07 –cv-697 rjl

District of Columbia |

          |

And |

          |

The United States of America |
     *Defendant* |

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'SAPPLICATION FOR JUDGMENT BY DEFAULT

### POINTS AND AUTHOURITIES

### <u>Background</u>

I. Plaintiff commenced proceedings in this Court against the District of Columbia on or about 17 April 2007 after receiving consent from the Department of Justice to remit his civil rights claim by way of this Court.

II. Prior to that, as far back as 29 October 2003, and again on 11 March 2004, Plaintiff submitted to the District of Columbia legal notices regarding the Plaintiff's intent to engage proceedings perchance the District of Columbia failed to rectify various discrepancies with its "CJA Investigator" program. **See marked "Exhibit #1" (copy of first page of DCST § 12-309 Notice of 29 October 2003 to the District of Columbia) and "Exhibit #2" (copy of DCST § 12-309 Notice of 11 March 2004 to the District of Columbia) respectively. The here attached "Exhibit #2" pertains to the instant proceeding.**[1]

---

1 Though it is understood that Actions for Injunctive Relief lie under the inherent equitable powers of this Court, Plaintiff exhibits here that he should not be limited to equitable relief if the defendants obstructed the path to other relief. A DC ST 1209 Notice is sufficient to induce compulsory process of redress as opposed to a mere ad hoc and discretionary process, and the filing of this instant injunctive Action was indeed timely, with respect to the preservation of Plaintiff's rights to seek other than

III. Moreover, on 6 October 2006, the District of Columbia, rendered its final judgment regarding Plaintiff's civil rights claim in the closest possible venue applicable to such claims in relation to Plaintiff, and therein affirmed that in its opinion even that venue was considered to hold improper jurisdiction to address his complaints. **See marked "Exhibit #3", correspondence from the District of Columbia**.

IV. As this proceeding commenced on the construction of seeking an Order of Mandamus, Plaintiff sought to comport the format of the proceeding with that of the EXTRAORDINARY equity action, and thereby incorporated within the body of his Complaint his requests for preliminary injunction and payment thereto. Though the courts have abolished mandamus actions in favor of other procedures available in the F.R.Civ.P., to what degree Plaintiff may have not at this time separated out the injunctive pleas from other claims should be deemed excusable. On 11 October 2007, the Clerk of the Court confirmed that Plaintiff's complaint format was acceptable.

V. Now, at the time of filing there were no other claims against the defendants, and the full value of the Action was USD $100,000.00, however it became necessary for Plaintiff to resubmit his Compliant to prevail against the United States' assertion that there was need for a "more definite statement".

VI. On 25 September, 2007, Plaintiff filed an amended Complaint incorporating claims for general damages as a result of the continued abrogation of the availability of redress accessible to Plaintiff.

---

equitable relief.

VII. On 2 October, 2007, and again on 5 October 2007, Plaintiff served the District of Columbia with a copy of the amended Complaint by way of the Office of Risk Management, and the Secretary of the District of Columbia, the two scepters responsible for accepting notices of suit against the District of Columbia. **See marked "Exhibit #4, copy of first page of (amended) "Refiled Complaint" indicating receipt thereof from the scepters of the District of Columbia.**

VIII. Moreover, Plaintiff also provided a copy to the Office of the Attorney General for the District of Columbia.

IX. Then on 5 October, Plaintiff provided the Office of the Attorney General for the District of Columbia, "DUTY SECTION" a copy of Plaintiff's filed response to Federal Defendant's Memorandum in Further Support of its Motion to Dismiss or for a More Definite Statement. **See marked "Exhibit #5", copy of first page of Plaintiff's response indicating receipt thereof from the Office of the Attorney General for the District of Columbia "DUTY SECTION".**

## That Defendant District of Columbia Remains Unresponsive

X. Plaintiff hereby repeats his statements above and adds that the opposing parties were made aware that an action at law was underway against them in accordance with LCvR 5.3 and as verified by way of items "7" and "8" on the docket to wit: "RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on" the United States and the District of Columbia respectively.

XI. The opposing parties thereby had an opportunity to engage this action in their defense, whereby one party did and the other did not.

XII. Within the body of both the initial complaint and the amended complaint, as well as in Plaintiffs first attempt at mediation (see Notice to the Court filed on 30 August 2007), Plaintiff dutifully expressed his need for the resolution of the matters addressed relative to the intent of the instant Motion; and

XIII. As late as high noon on 11 October 2007 there is no indication Defendant District of Columbia has responded in any way, much less entered any representative to appear before this Court on its behalf.

## On The Standard of Review for Injunctive Relief

XIV. Plaintiff reiterates that this Action is first and foremost an action for injunctive relief related to his right to engage a process for redress of his grievances and, or complaint, in keeping with, at the very least, Amendment 1 of the Constitution of the United States , and adds that the standard for injunctive relief should be as follows:

1. Whether Plaintiff is substantially likely to succeed on the merits,

2. Whether Plaintiff would suffer irreparable injury if the injunction is not granted,

3. Whether the granting of such injunction would substantially injure other interested parties, and

4. Whether it is in the public's interest to grant the injunction.

*APOTEX INC. V. U.S. Food and Drug Administration, et al, USDC DC Case No.: 07-1194 (RMU) Document 3, Memorandum Opinion, Page 5; and Mylan Laboratories, Inc. et al v. Leavitt, et al, USDC DC Case No.: 07-579 (RMU).*

XV. In this wise, Plaintiff repeats Statement III above and avers that the correspondence from the District of Colombia's own Equal Opportunity office is the best possible response to date that it has proffered, and in that response suggests three fundamental situations:

1. That Plaintiff relations with the District is neither that of "employee" or that of "contractor" and thus he is not entitled to protection under the Title VII of the Civil Rights Act of 1964 **[See Appendix 1 attached hereto - Short Discourse on Plaintiff's Relations on the Districto of Columbia]**, hence the it has no jurisdiction to address his grievance;

2. That notwithstanding, the complaint filed with that office is untimely, and

3. That the District of Columbia still did not proffer at that time any other venue by which Plaintiff may seek redress. **[Ibid]**

## That Plaintiff Can Prevail on the Merits

XVI. Here Plaintiff now repeats Statement II above and adds that though the Chief Judge of the District of Columbia Superior Court did not refer Plaintiff's complaint to the Equal Opportunity Office, nor any other instrument of that court of which he is the highest ranking officer in terms of administrative affairs, and though the Equal Opportunity Office suggests that Plaintiff's Complaint was untimely, (counting from the time of the initial incident) and not from the time that The Chief Judge declared the matter to be a legal issue, *Note Exhibit #3 of Plaintiff's filed Response to Federal Defendant's motion to dismiss" filed on 5 October 2007)* the Notice of 11 March 2004 stands sufficient for the preservation of this Complaint of last resort. Though he did not have an address, Plaintiff commenced his Action before this Court as early as 27 January 2007, and therein did plea to this Court for Equitable Remedy – Adjustment of Venue – such that in the event this Court finds it inappropriate or impossible to grant such relief, or where this Court considers itself too restrained to do so, to then grant Plaintiff the continuation of his original claims before this Court. **See marked "Exhibit #6" stamped received copy of filing from the Clerk of the Court,** (where the triple stamps indicate the acknowledgment of dates of receipt albeit though received the Court did not accept the

Complaint without a land address). Thus even if this Court is unable to grant injunctive relief otherwise, and even if this Court is unable to engage this suit in regards to consideration for discriminatory practices, or unequal treatment under law, the issues of slander, libel, and defamation, and in light of Statement XV herein involuntaryu servitued, remain, and the related scope as amended should be sufficient to engage the action in relation to timeliness of the filing. Injunctive relief is sought for two primary reasons:

A. To enable a profound investigation of the facts related to this case and examine the actions of the defendants, not just the District of Columbia, relative to Plaintiffs assertion that there appears to be discrimination afoot; to examine the Actions of the District of Columbia relative to that discrimination, if verified to be; and

B. To enable Plaintiff to engage life as a productive citizen as well as prosecute his claims without the millstone of one considered to be 'not credible' hanging about his neck – this inferred indictment of him based solely on the perception that whereas he sought to become a certified criminal defense investigator in the District of Columbia Superior Court, he was denied that certification. *Note Federal Rules of Evidence [FRE] Rule 405(a) and 406.*

## Plaintiff Stands to Continue to Suffer Irreparable Damage If Denied

XVII. The latter defaming inference has resulted in the complete depletion of Plaintiff's personal goodwill asset in relation to conducting business not just within the court, nor the investigating profession, but wherever he may go – it is a standing indictment against his resume. *ibid.* Lewis now repeats Statements XV and XVI, B herein and adds that Lewis spent two years engaged in the legal community of that court, and thereafter was denied certification without a genuine reason. This is like spending two years in the military and being denied an honorable discharge, but it is even worse than that, it is more like being given a

dishonorable discharge; and because the District was slow with payments to him for services rendered, it was a two year trip into incessant debt and then followed by and abrupt denial of certification – and that makes it to be like one having spent two years in the armed forces only to incur a bad conduct discharge. Yet the District of Columbia is not able to certify to this Court the badness of Lewis's conduct warranting a denial of certification, much less enter a counsel to appear before this Court in relation to this question. Lewis should not have to bear the burden of the District of Columbia's conduct of entombing Lewis in this wall of social disgrace, to the detriment of his economic viability.

XVIII. Now this deprived economic state in Plaintiff is not only evident by the providence of this Court enabling Plaintiff to proceed, but also by the condition of his own Exhibits. Plaintiff here directs this Court to consider the statements in his motion to enjoin the Social Security Office as a defendant (See Item # 5 on the Docket, Motion to Enjoin, signature page, lines 3 to 5) and adds that it is not appropriate that given the undue burden as stated above, Lewis should have to continue to risk losing substantial amounts of evidence because he as no secure place to put the evidence necessary to enable a profound investigation of his discrimination related, or other claims. ~~[See Appendix 2 attached hereto~~ *See TRO Motion in* re Lewis v. Wallace USDC DC Case No.: 04-600 (GK)]. We will not elaborate on the disgrace of this pecuniary state here.[2]

## An Injunction Does not Substantially Injure Other Interested Parties

XIX. Moreover, it being the District of Columbia has not been able to appear before this Court, Plaintiff's demand for one hundred thousand (USD $100,000.00) in equitable injunctive compensation is reasonable. At a rate of $25.00 per hour for performing litigation support for the District of Columbia, Plaintiff easily lost that amount since 28 January 2004 and 11 September 2006, the date that Defendant District of Columbia explicitly acknowledged that it did not have an amenable venue for Plaintiff or others like him, Criminal Defense Investigators, to address his grievances.

---

2  ; suffice to say the city is running out of shrubs, brushes, and vacant lots where on can hide paper as a result of its 'gentrification' economic scheme, based primarily on those subprime mortgages. Now if Congress is willing to bail out all those irresponsible colonist who have signed mortgages that they new the could not pay, the least this Court can do is to acknowledge that the Plaintiff here should not have to continue to live in a dispossessed stated when the District of Columbia is not even able to appear before it.

~~3   See Appendix A attached hereto.~~

XX. Moreover, this Court needs only to consider what the defendants would have charged Plaintiff had he been able to address this matter by way of the Congress of the United States without becoming a registered lobbyist – which is one hundred thousand (USD $100, 000.00) dollars.

XXI. To what degree the defendant's would be entitled from relief from injunctive relief however, is abrogated by the failure of the District of Columbia to enter appearance.

XXII. But even were the District of Columbia to now enter appearance, after the submission of Plaintiffs' amended Complaint, this does not absolve the District of Columbia from its duty to comply with the Summons of this Court and enter appearance in at timely manner. Plaintiff repeats Statement X herein and adds that the District of Columbia had from 1 August 2007 to 23 August 2007 (the time this Court handed down its Order advising Plaintiff to respond to Federal defendant's motion to dismiss, and then again from 26 September 2007 to 11 October 2007 (an additional 16 days) to respond to the complaint altogether; thus the District of Columbia had 30 days to respond and ( not less than 71 days if the full time from 1 August 2007 to 11 October 2007) to respond.

XXIII. F.R. Civ. P. 12 provides a defendant twenty (20) days to respond to a summons [Rule 12(a)(1)(A)], sixty (60) days, if service is waived [Rule 12(a)(1)(B)]; and F.R. Civ. P 4 provides thirty days (30) days otherwise. Clearly the District of Columbia did not waive service, and if the District of Columbia now proffers that it did not receive the amended complaint, then the summons served related to the initial complaint stands accordingly the District of Columbia had the full seventy and on (71) days to so much as enter the appearance of an attorney, which it has not done, and Plaintiff is entitled to a judgment of default in his favor on account of that summons. The District of Columbia should not be allowed to piggy-back its defence from suit on the frail arguments put forth by its co-defendant, the United States, thus far (be it the Districts' Sovereign or not, as the District of Columbia is by no means a minor), nor should the District of Columbia be allowed to proffer excuse on the predication that there are a back log of cases and it just didn't

to this

get ^one yet. There is no such mercy from its co-defedant to Lewis, and it is Lewis, not the District of

Columbia who is deprived of the comfort of offices, archives, and armchairs from which to develop quality

Briefs to file before this Court.

## Injuctive Relief by Default is Equitable, Practical, and Warranted

XXIV. But even were the District of Columbia to now waive service on the amended complaint, this would

be nothing more than an aversion, and artful dodging of is responsibility to comport with the rules of this

Court. Just as in *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 561 (S.D.N.Y.

1976) where the District of Columbia Court of appeals indicates that a court should not award a plaintiff to

artfully dodge unfavorable action though "artless" drafting of a complaint, Plaintiff here avers that the

reciprocol should be held true - that is - the District of Columbia should not be rewarded with the continued

delay of this proceeding by artfully dodging a default motion which it artless snubbed by not entering a

counsel on its behalf. See Caribbean Broadcasting System v CBL Wireless, PLC, United States Circuit

Court of Appeals, For the District of Columbia, Case No. 96-7246. If the plaintiff here had an opportunity

to execute the prosecution of his Complaint in the standard comfort of civility, as opposed to having to

hide documents from the colonists, the night-stalkers, the developers, while placing them under trees and and

shrubs, and other agents of Gentrification, (**see Appendix C̶ for definition**) while fighting the District of Columbia

itself for terminal space, **See marked Exhibit # 7, Copy of first page Tort Claim Form filed against the**

**District of Columbia and the Department of Veterans Affairs**, maybe the Initial Complaint filed would

not have been so convoluted after-all. Unlike the District of Columbia, there is no attempt to artfully dodge

the any defense against Lewis's Complaint; at this juncture it is a Complaint for Injuctive Relief and the the

$100,000.00 demand is a just demand respective to parity. It should be a demand for $500,000.00 respective

to gentrification, but this is not a sheishmaster action on the part of the Plaintiff. The excessive delay on the

part of the District of Columbia however, is another story.

### Plaintiff is Entitled as a Matter of Right

XXV. Moreover the amended Complaint ascribes an amount far greater than the one hundred thousand dollars compensatory injunctive relief sought, due to the continued damage that Plaintiff now suffers as a result of the time it takes just to get his complaint underway. Plaintiff filed his Complaint back in January of 2007, and as a result of his suffered depravities, this Court could not engage the complaint until March of 2007. Plaintiff continues to suffer property loss, the depletion of his very evidence necessary to effectively present his claims. How much longer must the Plaintiff continue to suffer while the District of Columbia sits both on his credentials, as well as the Complaint, without action?

XXVI. But Lewis has been here before, has he not learned the pain of patience with this lot?

Upon engaging this District of Columbia, Lewis had good credit and billed out two credit cards in the spirit of entrepreneurship to perform investigations for officers of the District of Columbia Superior Court with the full expectation that he would receive timely payments, but he did not, and when he comlained about it, his vouchers were interrupted by the Department of Treasury of the United States on orders of the Department of Veterans Affairs. Now since he sued the District of Columbia and those departments, to his recollection, not one payment voucher has been processed by the District of Columbia on his behalf, then came this abrupt de-matriculation of his status with the District of Columbia. Now it turns out in both cases he finds it necessary to included Lewis Wallace a party, and as for the District of Columbia, the individual identified as "Mr. Dumas" at the Department of Veterans Affairs AKA Department of Employment Services at 1722 I Street, NW, Washington DC, 3rd Floor, is not able to look at Lewis straight in the face, and certainly has not attended to the Montgomery General Infantry Account sufficient to provide Lewis any indication as to its status. Therefore, if the rational for the District of Columbia is unexplainable, it certainly appears on its face to be retaliatory. The Plaintiff here should not be expected to bear the burden of providing to this Court any answer as to why the District of Columbia fails to matriculate him. What Lewis received for his patience then

was poverty, humiliation, disgrace, disenfranchisement, and actions that smells much like retaliation, because

he lifted his voice and sang against the unwarranted delay. We will not embark on that avenue again. We

will not accept a dely in the response of the District of Columbia relative to suit.


## It is in the Public's Interest to Grant Relief at this Time

XXV. This Court should not reward the District of Columbia's snubbing action[4] by overlooking the now

plead applicaton for default injunctive relief; such overlooking is not in the best interest of Lewis, of

Criminal Defense Investigators, ~~of~~ certainly does not comport to the interest of the public relative to the

Civil Rights Act of 1964, or any other civil rights act imaginable, and it the upbraiding of Lewis's access to

the courts for redress of his grievances certainly does not comport to the tenets of the Constitution of these

United States. The denial of his motion warrants this case ripening to appeal because bias would have been

detected. **Note Appendix 3 attached hereto.**



So now puts Lewis before this Court his opponent, the District of Columbia.

Respectfully submitted by,

Radcliffe Bancroft Lewis, Plaintiff, Pro Se

Email: rad_bancroft@hotmail.com

---

### Rule 4 Notice

I, Radcliffe Bancroft Lewis, hereby affirm under penalty of perjury that on this 13th day of October, 2007, I
caused the above stated Application for Judgment by Default Against Defendant District of Columbi to be
delivered by way of hand delivery, the following:

---

4  Plaintiff avers here that The District of Columbia has been so preoccupied with snubbing Radcliffe Lewis; it is even snubbing
this Court in the process.

14

The Secretary of the District of Columbia

1350 Pennsylvania Avenue

Washington, DC 20004

And to

The District of Columbia

Office of Risk Management

441 4th Street, NW

Washington, DC 20530

And to

The Office of the Attorney General for the District of Columbia

441 4th Street, NW, Suite 1060 N, Washington, DC, 20001

And to

The United States Attorneys Office

555 Fourth Street, NW (Room 10808)

Washington, DC 20530

*Extra 3*
*Exhibit #1*



# RADCLIFFE
### RESEARCH & INVESTIGATIONS
PO Box 1778, Washington, DC 20013-1778
radcliffego@hotmail.com            (202) 487-7788

To :   **The Honorable Rufus King, III, Chief Judge**                          **29 October 2003**
        **Superior Court of the District of Columbia**
        500 Indiana Avenue, Room 3500
        Washington, DC 20001

## RE: VOUCHERS
### REQUEST FOR ADMINISTRATIVE REVIEW AND, OR, INTERVENTION AND NOTICE OF INTENT TO FILE INQUIRY THROUGH LITIGATION, PURSUANT TO RULE 12-369 AND, OR OTHER APPLICABLE LAW AS RELATES TO JUDICIAL OFFICERS.

*Dear Honorable Chief Judge, III,*

This letter is to serve both as a public notice, as well as the purpose as stipulated in the title above.

Over the past year, Radcliffe Research & Investigations (RR&I) have experienced consistently delayed vouchers. Three poignant factors contributing to such delays have been:

1.   unpublished rules not disclosed at, or prior to the time of submission of affected vouchers,

2.   unscrupulous court related personnel, and

3.   a lack of transparency regarding the manner or time required by each adjudicating officer for the review and return of submitted vouchers.

Most issues have been mitigated, however, the turnaround time for processing of vouchers remain a material issue to the investigative capacity of the firm. In order to mitigate this particular issue, RR&I finds it necessary to now submit and catalogue an inquiry in order to determine from each adjudicating officer that:

04 0600
**FILED**

APR 13 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I

Racliffe B. Lewlis
19 Eye Street, NW
Washington, DC 20001

11 March 2004

To:    Mr. Ronald Sullivan
       Director
       Public Defender Service
       633 Indiana Avenue, Washington, DC 20001

## PURSUANT TO DISTRICT OF COLUMBIA CODE DC ST § 12-309, and Other Applicable Laws...

NOTICE OF INTENT TO ENACT LITIGATION AGAINST THE PUBLIC DEFENDER SERVICE, AND ITS INDIVIDUAL MEMBERS, AS WELL AS MEMBERS OF OTHER GOVERNMENT AGENCIES IN THE DISTRICT OF COLUMBIA, WHO OPERATE IN CONCERT TO CONTRIVE ARRANGEMENTS SO AS TO EFFECT DISCRIMINATION BASED ON NATIONAL ORIGIN AND CREED.

Dear Mr. Sullivan:

'In order to become certified as an investigator under the Criminal Justice Act, one must attended all of the classes (in a calendared three week period) offered by the Public Defender Service (PDS), and pass an NCIC check.'

These were the requirements for certification as understood by the community of prospective investigators.

I have attended all of the required classes.

*An NCIC cannot be done because "PDS does not have a cage code",* Brendan Wells, circa 2002.

On 28 January, 2004, I attempted to have my picture taken for the newly issued investigator identification card. I was not allowed to take this picture, moreover, I was threatened by Brendan Wells, and dis-invited to participate in the picture taking process by Lewis Wallace, DC Superior Court. After fervent inquiries into the matter by formal and informal process, no reasonable answers have been provided to me as to why I am not allowed the credentials necessary to perform my duties as a criminal defense investigator.

This development occurs against a backdrop of other stumbling blocks and discomfiting throughout the past two years since I have diligently attempted to do my work. Among such developments are slanderous, and perhaps libelous reports that I have attempted, or

actually passed myself if as an "employee of the Public Defender Service" while performing investigations in the field, and that I "subpoena everybody", that I am "bad news, etc." The shadowy perpetrators of these marketing-depreciating reports have not come to me to accuse me to my face. The nay-Sayers who detest my letter writing to address the things that I perceive to be wrongful, themselves have proven to lack integrity, and those who seek to accuse me of wrongful action are not able to crucify me into the realm of the penalry or felonly. It stands that I pass the NCIC check.

'In order to become certified as an investigator under the Criminal Justice Act, one must attended all of the classes (in a calendared three week period) offered by the Public Defender Service (PDS), and pass an NCIC check.'

Between the latency of the credentials and the gossip and rumors, my credibility and repute are being sullied in the extreme, and at least two members of the Public Defender service are involved. The damage is evidently clear – while other investigators are able to go about and perform between $600 and $2500 worth of work each week, I must fight just to collect the crumbs I have earned so far.

I am sick of it.

The denial of an identification card for no reason is, reputation-wise – discrediting, economically destabilizing, investigating-ly incapacitating, psychologically distressing, and abuses the equilibrium of my perceptive acumen necessary for me to remain an un-biased and non-relativistic investigator.

This denial in and of itself amounts to administrative hazing, and in fact an up-ending form of harassment perpetrated against me.

The refusal of the parties addressed to quickly resolve the matter leaves me at this time little room to consider that this maltreatment emanates from a motive other than that of malice.

Mr. Wells's attitude against me and his desire to see me under the construct of the criminal justice system of this country (a system that allows for slavery when you are caught up into the penalry or felonry) wreaks with the odor of the kind of mistreatment that an indentured servant would dish out to a slave.

But because I appear to be the lone investigator who fails to pass his cow-tower muster, especially when there are investigators who received their new identification cards (crumby looking as it is) without showing any identification card at that time whatsoever, based upon the inability of anybody to quickly address this matter, it stands that I am left only with the notion that the motive of this malice is DISCRIMINATION AGAINST ME BECAUSE OF MY NATIONALITY AND MY CREED, because I do not cow-tow to being readily treated like a slave, a southern neo-slave, or the son of a slave, and I don't say "Yessa.. Masta.." to anybody.

There is a gentleman sitting in DC Jail right now whose case has not been properly investigated because as it stands right now, I am not allowed to perform legal visits at the jail on his behalf. No doubt his family will get a copy of this letter.

This matter must be addressed immediately, and there is no reason why I should not have this matter resolved by Monday morning, 15 March 2004. Given the levels of irreparable damage done to me by this apparent bait and no-so-well-switched set of schemes against me for certification, as well as to others, there is no reason why come Monday morning on 15 March 2004 at 9 am I should not consider all the administrative venues sought to be exhausted in the extreme; and there is no reason why I should continue to allow Brendan Wells to be the one to maintain official files on me used to pass judgment on my eligibility for government contracting. Let me be the first to say that in my current opinion, he is not fit to perform the jobs of training and evaluating foreign-born black males on their investigative capacity.

Thus you have until Monday morning 15 March, 2004 at 9 am to resolve this matter. A failure to resolve it immediately leads to litigation against the above-mentioned parties in keeping of course with legal requirements.

You are hereby notified.

Note: The appropriate way to resolve this matter is not to resort to recrimate mud-slinging, the overtones thereof, or the little pull to the side - information counsel from clandestine parties who levy to me how Powerful government is; all of which I have experienced before.

If a photograph is absolutely necessary on the identification card to be issued, Brendan Wells has to pay for it – in advance.

Sincerely,

Radcliffe B. Lewis
19 Eye Street, NW
Washington, DC 20001,
radcliffego@hotmail.com

Telephone not available.

CC:    Anthony Williams, Mayor, District of Columbia
Julia Leighton, General Counsel, PDS
Karen Jackson, Brendan Wells's Supervisor, PDS
The Hon. Chief Judge King, III, DC Superior Court
Lewis Wallace, DC Superior Court
And Others.



**DISTRICT OF COLUMBIA**
Equal Employment Opportunity Of...
616 H Street, NW – Suite 612.02
Washington, D.C. 20001-2131

...bert L. Jackson, Esq.
...O Counselor

(202) 879-4226
Fax (202) 879-4246

*Exhibit #3*

October 6, 2006

Mr. Radcliffe B. Lewis
P. O. Box 2241
Washington, D.C. 20013-3241

Re:     Request for Reconsideration of Dismissal of Complaint

Dear Mr. Lewis:

I have received and reviewed your Request for Reconsideration, dated September 28, 2006. I appreciate the points and arguments you put forth, however they are insufficient to overcome the issues of timeliness and jurisdiction.

In my September 11, 2006 letter dismissing your complaint of discrimination, it was determined that your complaint failed, first because it was untimely filed. Secondly, you were determined to be neither an 'employee' or 'applicant' for employment with the Courts, nor were you determined to be a 'contractor' seen as an employee for purposes of protections under Title VII of the Civil Rights Act of 1964, as amended. Accordingly, your Request for Reconsideration is hereby denied.

Cordially,

Herbert L. Jackson
EEO Officer

cc:     Chief Judge Rufus King, III
        Ms. Anne Wicks



**DISTRICT OF COLUMBIA COURTS**
Equal Employment Opportunity Office
616 H Street, NW - Suite 612.02
Washington, D.C. 20001-2131



Herbert L. Jackson, Esq.
EEO Counselor

(202) 879-4226
Fax (202) 879-4246

September 11, 2006

Mr. Radcliffe B. Lewis
P. O. Box 2241
Washington, D.C. 20013-3241

Re:    Notice of Dismissal of Complainant of Discrimination

Dear Mr. Lewis:

The Courts' Comprehensive Personnel Policies at Policy 600 states that it is its policy to provide equal employment Opportunity for all persons. It goes on to state that any non-judicial employee or applicant who believes that he/she has been discriminated against ... may file a complaint with the Equal Employment Opportunity Officer. A "person" has been defined to include individuals, partnerships, corporations, etc.

In your allegation of discrimination you stated that in or around 2003 or 2004 you were deprived employment as a CJA Type Investigator due to a discriminatory act by a Court representative. Specifically, you alleged that you were denied a Court picture identification card solely because you could not present a valid (picture) drivers license. In your 'Charges and Complaint of Discrimination in Employment" you allege that you were denied a Court picture ID simply because you asked the question: "Why only a driver's license identification would be considered an acceptable form of identification?" You further allege that the Court's denial of a Court ID has hindered you from employment as a CJA Type Investigator or other gainful employment.

Recall that an initial question tabled for research and further discussion was whether or not your position or function as a CJA Type Investigator would classify you as an 'employee' for purposes of protections against discrimination under Title VII of the Civil Rights Act of 1964, as amended. Well, EEOC Notice Number 915.002 (5/02/97) and the U.S. Supreme Court in *Equal Employment Opportunity Commission & Walters v. Metropolitan Educational Enterprises, Inc.*, *117 S. Ct. 660 (1997)* provides some guidelines to this line of inquiry.

Recall that my initial thought based on the interview and the presentation you made was that your case appears to be that of a 'contractor' with the Courts. The second prong for this office to consider was whether you were engaged on the judicial or non-judicial side of the Courts. Note that this office and the Courts' Comprehensive Personnel Policies only addresses/applies to non-judicial employees.

Mr. Radcliffe B. Lewis
September 11, 2006
Page 2

During my inquiry into your contact with the Courts and allegations, it was discovered that the certification you referred to that entailed the Courts providing a Court photo identification card was not to allow you employment with the Courts, but was to acknowledge to the public that you were a person identified, accepted, and certified by the Courts (based on a background check, proper identification, etc.) to be available to be hired by court-appointed criminal attorneys. However, you have provided a Memorandum Opinion from the U.S. District Court for the District of Columbia that found you to "...[conduct] investigations under contract with the Superior Court of the District of Columbia on behalf of indigent criminal defendants." In your 'Charges and Complaint of Discrimination in Employment' you acknowledge that it would be the court-appointed criminal attorneys who would do the hiring even though the Courts would pay your charges through the attorney's vouchers just as and when they paid the Court-appointed attorneys. My inquiry also found that there was never any intention on the Courts' part to establish an employee or a contractor relationship between the CJA Type Investigators and the Courts. However, for the sake of argument and according to your proffered evidence, say the relationship the CJA Type Investigators have with the Courts is that of contractor, the EEOC Notice Number 915.002 cited above has a subsection entitled "Determining Who Qualifies as an Employee" that addresses the concerns posed.

_[handwritten left margin: others]_
_[handwritten right margin: not true  NO - through in v vouchers]_
_[handwritten left margin: Not true]_

One of the major criteria is whether or not the employer, the Courts, supervises or controls the details of how CJA Type Investigators perform their job. Your responses to some important queries are salient and address those criteria.

In essence, it is the Court-appointed attorneys, not the Courts, who direct the work of the CJA Type Investigators. The Courts neither provides nor reimburses for the workspace and/or supplies used by the CJA Type Investigators. CJA Type Investigators are not required to sign in and they choose their own hours as to when to work. As a matter of fact, it is the court-appointed criminal attorneys who select and engage the particular CJA Type Investigators. Accordingly, the conclusion/determination based on the above elements is that a job as a CJA Type Investigator does not mandate or engender protections within the Court's Comprehensive Personnel Policies EEO protections. This is the determination because the CJA Type Investigator's function would be that of an independent contractor engaged by or with the Court-appointed attorney, not with the Courts. The manner in which the CJA Type Investigator receives and performs tasks, the resources employed by the CJA Type Investigator in performing these tasks, and the reporting structures just do not resemble that of the typical employee situation. Secondly, the function of the CJA Type Investigator falls under the judicial side of the Court. Note that you correctly stated that the directing attorney for each case signs off on vouchers, but it is the presiding judge who authorizes payment. Judicial 'employees' are not covered under the Courts' Comprehensive Personnel Policies.

_[handwritten left margin: Not true]_
_[handwritten right margin: the court does reimburse from t pool preselected by the court]_
_[handwritten left margin: court billing?]_
_[handwritten left margin: court proper]_
_[handwritten bottom: So when are they covered.]_

Mr. Radcliffe B. Lewis
September 11, 2006
Page 3.

I noticed in your August 25, 2006 complaint to the EEOC you stated that the Courts' "...own Equal Opportunity Officer has had more than adequate time to address this matter and has not done so." Well, for the record, this is the first instance for this office to have opportunity to review and investigate your allegations and render a finding.

*why*

*ongoing*

It is therefore the finding of this office that your complaint of discrimination fails, first because it is untimely filed. The Courts' policies provide that an aggrieved person is required to file a written complaint with the EEO Office within 120 days of the alleged discriminatory incident or of the date the aggrieved person became aware of the discrimination. The alleged incident was approximately two years ago. Secondly, you are not determined to be an 'employee' or applicant for employment with the Courts, nor are you determined to be a 'contractor' seen as an employee for purposes of protections under Title VII of the Civil Rights Act of 1964, as amended. Accordingly, you complaint is hereby dismissed.

Cordially,

Herbert L. Jackson
EEO Officer

Exhibit #4

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Radcliffe B. Lewis
          Plaintiff ProSe

V

District of Columbia
And
The United States of America
          Defendants

2007 SEP 25  PM 9: 23

MAYER-WHITTINGTON
CLERK

Case No.: 1:07 - 697 rjl

**RECEIVED**

OCT 0 2 2007

OFFICE OF RISK MANAGEMENT

SECRETARY OF D.C.
2007 OCT -5  A 11:59

### REFILED COMPLAINT

This Court provided Plaintiff Radcliffe B. Lewis an opportunity to respond to Defendant United States' motion to dismiss for a more definate statement by refiling the Complaint.[1]  The accompanying pages are intended to so provide.  The Action is amended to encompass in scope, claims, an in terms of reliefs sought, the entirety of known claims regardless of venue. F.R.C.P. 8 applies.  Plaintiff focuses only on the activities of the defendants stipulated above.[2]

The Court should not that Defendant District of Columbia has yet to respond or entered any counsel to appear.

9/25/07

Radcliffe B. Lewis, Plaintiff ProSe
1901 15th St. NW #4
Washington, DC 20009

Encl: 8 Pages

[1] This is from recollection as at this writing Lewis does not have a copy of this Court's Order in front of him from which to quote.

[2] The Court's Order did not address (it seems) the Social Security Admin-istration which Plaintiff may address in a separate ...

*Exhibit #5*

# TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### 333 Constitution Avenue NW. Washington, DC 20001

Radcliffe Bancroft Lewis, Pro Se

          *Plaintiff,*

vs.

District of Columbia

And

The United States of America

          *Defendant*

Case No.: 1:07 –cv-697-rjl

---

### PLAINTIFF'S RESPONSE
## TO FEDERAL DEFENDANTS MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
### (In Keeping with LCvR 7)

### Background

I. On 23 August 2007, this Court issued an order granting Plaintiff upon until the 25th day of September, 2007 to respond the federal Defendant's motion to dismiss. This Court provided Plaintiff to "file separately, but contemporaneously, an amended complaint that delineates the claims against the federal defendants, and set forth supporting facts for each claim."

II. On 30 August 2007, Plaintiff, filed a Notice to the Court indicating his attempts to provide the federal defendant an opportunity to resolve this case. It was about that time the Plaintiff learned of the Order granted to Plaintiff as noted I above.

III. On 24 September 2007, the federal defendant, through counsel filed their 'memorandum in support' containing its own misinterpretation of this Court's order, and based on that, a potpourri

1



FILED

# TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA 2007
### 333 Constitution Avenue NW. Washington, DC 20001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Radcliffe Bancroft Lewis, Pro Se
*1901 15th St. Ste #4, Washington, DC 20009* Plaintiff,
vs.

The District of Columbia Judiciary,
District of Columbia Courts,
Joint Committee on Judicial Administration,
Executive Officer, Ann B. Wicks
(In its official capacity thereof)
500 Indiana Avenue
Washington, DC 20001

Case: 1:07-cv-00697
Assigned To : Leon, Richard J.
Assign. Date : 04/17/2007
Description: Lewis v. D.C. Judiciary, et al.,

And

District of Columbia Superior Court,
Chief Judge, Rufus King III,
(In its official capacity thereof)
500 Indiana Avenue, (Chambers 3500)
Washington, DC 20001

And

Civil Action A Suit
For Equity in Process

The Public Defender Service of
the District of Columbia, Robert Sullivan, Director
(In its official capacity thereof)
Public Defender Service of Washington DC
633 Indiana Avenue
Washington, DC 20001

And

Julia Leighton
(In its official capacity thereof )
Public Defender Service of Washington DC
633 Indiana Avenue
Washington, DC 20001

And

The Public Defender Service of
the District of Columbia, Training Coordinator,
Brenden Wells
(In its official capacity thereof)
Public Defender Service of Washington DC
633 Indiana Avenue
Washington, DC 20001

And

The District of Columbia Judiciary,
District of Columbia Courts,
CJA Finance Office, Finance Officer,

**RECEIVED**

MAR 05 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RECEIVED**

FEB 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RECEIVED**

JAN 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*3*



| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: United States Department of Justice Civil-Rights Coodination and REview Section 950 Pennsylvania Avenue, NW Washington, DC 20530 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State, and Zip Code) Radcliffe Bancroft Lewis P.O. Box 2241 Washington, DC 20013-2241 |
|---|---|

| 3. TYPE OF EMPLOYMENT [X] MILITARY [X] CIVILIAN | 4. DATE OF BIRTH 02/27/69 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Friday, 09/08/2006 | 7. TIME (A.M. OR P.M.) 3:00 pm |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place occurrence and the cause thereof.) (Use additional pages if necessary.)

Pursuant to U.N. Gen. Assmbly Res. 40/144, of 13 Dec 1985, and 41/128, of 4 Dec 1986, U.S. Const. Amds.9, 13 and 14, 18 USC 2421, Civil Rights Acts of 1964, 1968, and 1991, Exec. Order 11246, Common and Case Law, and such other rights as appropriate, incl. F.R.C.P. Rule 60(B) – On Friday, 8 September 2006, at 1722 I Street, NW, 3rd Flr, Washington, DC, 20036, one "Youngblood" of the Department of Veterans Affairs, and District of Columbia Department of Employment Services (DOES), (for so it holds dual responsibilities) moved to bar us from access to facilities provided by DOES facilitated there within that address property. This is the latest of a pattern of unexplained disbarments of Claimant's ability to develop contingent with the expectation of a productive member of society, and renders Claimant a public charge, dispossessed of citizenship and the rights and privileges thereto, as asserted by the Government of the United States of America. The incidental details and considerations addressed in the accompanying "Letter to Youngblood..." (Attach 1) and "Letter of Repudiation.." (Attach 2).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Incidentally - loss of access to publicly funded facilities, program, rite of passage, and barrier to employment (USD $1,000,000.00): Dispossession of status as a bona-fide "honorably discharged veteran)" engineered libel and slander through constructive profiling and failure to review policy that unlawfully discriminated - resulting in suppression of Claimant's individual development, and marginalization into the demographic of "publicly charged" - yielding full dispossession of citizenship-in-fact and a devastation of career and lifetime achievements - An incidental value of not less than USD $1,000,000.00, and prepossessory value of not less than USD $10,000,000.00.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| *[signature]* | 500 Indiana Avenue Washington DC 20001 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY USD $12,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) USD $12,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13 a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signature]* | 13b. Phone Number of Signatory (202) 664-3130 | 14. DATE OF CLAIM 09/15/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than and not more than $10,000, plus 3 time the amount of | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not |
|---|---|

*[stamp]* RECEIVED SEP 1 8 2006 OFFICE OF RISK MANAGEMENT

The District of Columbia: ss
subscribed and sworn to before me this _____ day of _____ 2006
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2006

## TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### 333 Constitution Avenue NW. Washington, DC 20001

Radcliffe Bancroft Lewis, Pro Se
**_Plaintiff,_**

vs.

District of Columbia

And

The United States of America
**_Defendant_**

Case No.: 1:07 –cv-697 rjl

## APPLICATION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT DISTRICT OF

## COLUMBIA

### (Pursuant to F.R. Civ. P. 55, (a), (b), (2))

A P P E N D I C E S

1

2

3

1

APPENDIX 1

If a Criminal Defense Investigator working under the CJA Program of the District of Columbia Superior Court is niether a contractor nor an employee, then what is he?

We know he is not commissioned, nor is he a soveriegn member of the court, ie: onwer, king, prince, procurator, yet he puts out work with the expectation of payment, not as a non-pay volunteer - and even they operate under contract or agreement.  Thus if such an individual has no agreement to work but work, then what is he but one working under involuntary servitude - and that means he is a slave. But the Constitution of the United States allows slavery only when one is under the criminal justice system, not working in it, but actually convicted, and that makes the Criminal Defense Investigator no better than the convict, if he is not respected enough to be timely paid.



APPENDIX 3    2

## GENTRIFICATION

---

[a] Gentrification -   Gentrification appears to be one of those liberally utilized words that is politically well understood in the local community, but is difficult to verify within the environs of legal jurisprudence.  This is evident by the scarcity of legal pleadings an public outcry against the robust redevelopment that the District of Columbia has undergone at the hands of the wealthy classes within and about the city, and their ability to lure those who are merely affluent-but-not-wealthy, and various other persons who did not live in the city prior to the turn of the century into purchasing exorbitantly price-inflated properties, while lower class minorities are forced to abandon residence in the District.  this robust development has picked up in pace between 2002 at about the time that Plaintiff entered into the Program, and the present day.

A search for a suitable definition for the term as applied was found on the Website "Dictionary.com", which reads:

*"gen·tri·fi·ca·tion   ( P )  Pronunciation Key  (jntr-f-kshn)*

*n. - The restoration and upgrading of deteriorated urban property by middle-class or affluent people, often resulting in displacement of lower-income people. "*



APPENDIX 3

 **Radcliffe Bancroft Lewis** 

P.O. Box 2241, Washington, DC 20013-2241
Telephone: 202.664.3130        Email: rad_bancroft@hotmail.com

To:   Mr. Herbert L. Jackson, *EEO Officer*                    28 SEP 2006
      Government of the District of Columbia – Judicial Branch
      616 H. Street, NW, Suite 612.02
      Washington, DC 20001

Via:  Hand Delivery

Re:   Radcliffe B. Lewis v. Rufus King, III, Et al; Case # 570-2006-01938N
      Request for Reconsideration of Dismissal of Complaint Filed

Dear Mr. Jackson:

As indicated previously, I am in receipt of your 11 September 2006 letter dismissing my complaint. I now ask of you to reconsider this dismissal. Fundamentally, your decision is based upon a series of conclusions that are not based on verifiable facts. The statements below are an attempt to stipulate the verifiable facts pertinent to this matter.

I now highlight some points addressed in your letter and my concurrence, my demur, and where there is need for clarification as follows:

1. That in my allegation of discrimination I "stated that in or around 2003 or 2004 (I) were deprived employment as a CJA Type Investigator due to a discriminatory act by a court representative – I concur, and add there is need here for clarification.

2. That I was "denied a Court picture identification card solely because (I) could not present a valid (picture) drivers license."- I demur, yet there is need for clarification.

3. That "in (my) 'Charges and Complaint of Discrimination in Employment' I allege that (I) were denied a court picture ID simply because I asked the question: "Why only a driver's license identification would be considered an acceptable form of identification?"- I concur, yet there is need for clarification.

4. That (I) further allege that the Court's denial of a Court ID has hindered (me) from employment as a CJA Type Investigator or other gainful employment - I concur.

5. That you recalled "based on the interview and the presentation … (my) case appears to be that of a 'contractor' with the Courts." – To which I declare there is need for clarification.

6. That you stated "During (your) inquiry into (my) contact with the Courts and allegations, it was discovered that the certification (I) referred to that entailed the Courts providing a Court photo identification was
a. not to allow (me) employment with the Courts…(I concur)
b. but was to acknowledge to the public that (I) were a person identified, accepted, and certified by the Courts (based on a background check, proper identification, etc.)…(I concur)

**Particulars**

APPENDIX 3

    **Radcliffe Bancroft Lewis**    

c. to be available to be hired by the court-appointed attorneys. (I declare this very much needs clarification).

7. You stated further in your letter that "…it would be the court-appointed criminal attorneys who would do the hiring…" – I concur and declare there is need for clarification.

8. You continued, "…even though the Courts would pay (my) charges through the attorney's vouchers just as and when they paid the Court-appointed attorneys." – I demur, there being need for clarification.

9. You then stated that your "inquiry also found that there was never any intention on the Courts' part to establish an employee or a contractor relationship between the CJA Type Investigators and the Courts. – I demure.

10. Citing EEOC Notice Number 915.002 you stated, "In essence, it is the Court-appointed attorneys, not the Courts, who direct the work of the CJA Type Investigator." – I demur.

11. You added, "The Courts neither provides nor reimburses for the workspace and/or supplies used by the CJA Type Investigators". – I demur.

12. You added, that "CJA Type Investigators are not required to sign in…" - I demure and declare there is need for clarification.

13. You further added that, "This is the determination because the CJA Type Investigator's function would be that of an independent contractor engaged by or with the Court-appointed attorney, not with the Courts. – I demur.

14. You added further in your letter that, "…the function of the CJA Type Investigator falls under the judicial side of the Court. Note that you correctly stated that the directing attorney for each case signs off on vouchers, but it is the presiding judge who authorizes payment. Judicial 'employees…'"

Now that we have established that the 'CJA Type Investigator' is classified as an " 'employee' " *somewhere,* and as you suggest this employment pertains to the "judicial side" of the Court" perhaps it is not sufficient to summarily dismiss this matter without an appropriate venue able to address the particulars of this case by way of formal administrative action. As your jurisdiction falls only about the "non-judicial" side of the Courts, it does not appear that this matter can be appropriately dismissed by the local sovereign-class agency without certification from the appropriate venue. I therefore request that this matter be recertified to the appropriate venue for formal administrative discourse. Notwithstanding, it is necessary for the detailed facts and pertinent points of dispute to be properly clarified. For this reason I include the accompanying memorandum of particulars.

I thank you for your verified and timely response in this matter.

Sincerely and respectfully,

Radcliffe Bancroft Lewis

7/28/06

**Particulars**

**To the District of Columbia Courts**
**In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al**

MEMORANDUM IN SUPPORT
OF REQUEST FOR RECONSIDERATION OF DISMISSAL OF COMPLAINT FILED
Ref: EEOC Case # 570-2006-01938N (Previous)

Let us begin with what discrimination is – From the dawn of this civilization the ancestors of the people who are today considered the "majority" here in this nation have always classified others not in their cline as being of another "race". Today, "race" is classified generally in terms of the maxims of "shadism" with those of us who are classified as "Black" being of the "minority" here. It is by race, then religion, then socio-geographic location, then household that wealth is distributed, and a civilization strives to distribute wealth in an equitable manner according to the principles of the civilization in question. There are times however, when some perceived to be lesser individual profits from his endeavors and obtains a portion that exceeds what those who believe they should be above him expect him to obtain, so they then violate the very principles of the civilization in question to rob him of his belongings and his profits. This is discrimination.

There are times also when one civilization threatens the other and in a quest for survival the former must compromise, or adhere more to, its true principles and institute laws, decrees, treaties, or force otherwise in order to maintain the status quo and prevent the prevailing civilization from interfering or disrupting the hegemony of the defending civilization. The United States of America (USA) instituted the Civil Rights Act of 1964 primarily on this premise, to prevent the "Blacks" in America from becoming a nation in their own right like so many other "Black" nations were doing in that era. Obviously then, I do have issues with this 'Civil Rights' business, but be that as it may, currently it is the law of the land, and when incidents occur that appear to be vested in the mantle of discrimination, we must be careful to act in the proper venue. The reason for this is simple; to

1
Of Seven

**To the District of Columbia Courts**
**In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al**

prevail in a Civil Rights claim, the complainant must be able to prove that the incident(s) that occurred were of discrimination, and he must prove this to a "clear and convincing" level. This essentially means that the proof must be so profound that the deaf can hear it, the blind can see it, and he must be able to explain how it is that one with no hands was able to manipulate the situation sufficient to cause it. Moreover, the laws of the USA do imply (at least in principle) that one ought not to be charged or sued twice for the same incident. I perceive then that it is safe to generally say, for the rest of us lowly (supposed to be) citizens who are not regarded as attorneys-at-law in our own rights, this kind of indicates that if someone strikes one of us on the jaw and we file suit for the injury incurred, we become disbarred from filing suit again if we seek to recover damages because we find the assault to be predicated on the discriminatory intent.


It is my understanding then that every government department, agency, or agent should have a comparable body capable of accepting, investigating, and deliberating, discriminatory complaints, charges, and claims. The Chief Judge of the D.C. Superior Court has already indicated to me that the complaint that I have made is now a "legal matter", but he has not certified this matter to any formal administrative redress for consideration, such as a convened CJA Ad Hoc Committee, nor has he placed in writing any statement indicating that which he has indicated orally, that this is a "legal matter", which I comprehend to mean that he will no longer consider it an administrative matter. The problem with this however is that six months do not pass in this institution without some additional evidence about that this situation is ongoing. To this day the Court still demands the providence of a driver's license or non-drivers license in order for me to even acquire access to the panel of attorneys, with the intent being to be commissioned, or as you put it "hired" on a case by case basis. Where is the civil rights investigating body that is charged with investigating this kind of selective dis-enfranchisement?

**To the District of Columbia Courts**
**In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al**

To say that I was denied a Court picture identification card solely because I "could not present a valid (picture) drivers license" is misleading. It infers at least to the casual reader that I presented no picture identification, and questions why do I not have a driver's license. A number of picture identification cards were presented to Wells, not the least of which was the Department of Veterans Affairs' identification card bearing a picture, my full name including middle name, my social security number, and my date of birth. Armed with this evidence and my complete application with proof of citizenship, police clearance, address, and consent to investigate my background, Wells had more than enough information to "acknowledge to the public that I were a person identified, accepted, and certified by the Courts (based on a background check, proper identification, etc.)". The question that needs to be asked here is how is it that Wells, now a deputy investigator with the Public Defender Service of Washington, DC, did not know what a U.S. Armed Forces Veterans Identification Card "is"?

The rest of the country knows what those cards were, certainly the Department of Veterans Affairs, which actually adjusted those identification cards thereafter because they bear too much identification information, enough to actually steal a veteran's identification if they get the card. But still, armed with the bearers consent and a quick check with the Department of Veterans Affairs, all such information could have easily been verified by Wells, an investigator. The Public Defender Service kicked off its last annual defender training conferences in the auditorium of the Naval Heritage Center right here in Washington, DC, and I am a U.S. naval veteran. This is rather insulting. Yet when I successfully negotiated that disparaging statement of his, and he acquiesced sufficient to allow me to take the CJA investigator identification card picture, Wells followed up his insult with an equally pejorative, "Do you need to know what identification is?"

3
Of Seven

## To the District of Columbia Courts
### In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al

It is upon receiving the answer to this question that he resorted to police action and denied me even

before I actually took the picture the picture.

Where is the body that is suppose to investigate this disparate action?


As you have already clarified that the 'independent contractor' is one who is hired, and it is through

the process of certification that I am "made available to be hired by the court-appointed attorneys",

is it possible that I can be available if I am not certified?

But if the courts assert the answer to this question to be "yes", bearing in mind that the certified

investigators must compete against one another to impress the attorneys sufficient to be "hired" is

the field of competition here level?

What is the incentive for an attorney to "hire" a non-certified investigator?


I do detect a great error within the culture of this Court, with the assumption that somehow or the

other we investigators are unable to comprehend that we are not officers of this Court. Certainly, I

know that I am not, nor do I aspire to be a "Court personnel", but I know that the attorneys who

we must seek to contract with are deemed to be officers of the courts and the Court, and as such

just like an officer of any corporate body, I expect that my contracting with that officer of the Court

to be on the bond of the officer to the Court. Do not attorneys swear to the  Court that the

performance of the investigator contracted will be in keeping with the same desires of the Court in

terms of work product and performance?


The Court may assert that there is no intention on the part of the Court to contract with third

parties, but this is quite contrary to the local laws governing the Court.  If the personnel policies of

the Court do not cover the activities of CJA Type Investigators, if in fact we are just "independent

**To the District of Columbia Courts**
**In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al**

contractors" then we are contractors in fact, and DC ST § 16-2101 and 2105 certainly apply. The attorneys are sworn in oath to the judges about us, and then contract with us, underwritten in the name of the Court that we will be paid for our services and resultant work products.

Perhaps the problem here is that the non-judicial side of the Court, particularly those who manage the financial affairs of the Court, mistakenly subsume the existence of us to be property in the possession of the attorneys and as such entities to be provisioned for under the auspices of the pro-bono classification under which the attorneys themselves receive equity reimbursement for representing clients. But investigators are not officers of the court, nor enlisted servants susceptible to conscription by the courts, nor are we privileged. Unlike attorneys, we do not 'pick up' cases, but must compete for every case, flapping our wings and spreading our colors to convince the buyer to buy the results of our work product. Just like an attorney who may purchase a camera at CVS to photograph a crime scene, so too do we expect to be paid when they contract with us, and time is definitively of the essence in that regard. Moreover, we are not compensated for our marketing endeavors, but we are reimbursed whenever we are the ones who buy the camera at CVS. Now, this latter consideration brings in a peculiar question – Why are we being micro-managed by the non-judicial side of the court as if we are employees?

Why does the Court not trust its own attorneys to "hire" competent and efficient investigators?

Why are we not treated like proper contractors who bill others utilizing their own invoices?

Why is it in a city that seems to have a moratorium on independent contractor vendors, we appear to be the only contactors not allowed to be regarded as firms, companies, or corporations?

Why must we indicate to the minute our every minute worked, and if we skip a minute on consecutive activities on a single case, we must be able to account in detail for that minute, or we can be reduced in expected pay, or worse yet, at the recommendation of a non-judicial employee

## To the District of Columbia Courts
### In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al

find ourselves very quickly before one of those ad hoc committees, the very kind that I thought by now would have looked at this complaint if no other formal body exists?

Did not the Chief Judge and the Court have over two years to get this matter before a formal administrative hearing body?

Did not the Court obtain a DC ST § 12-309 Notice on 11 March 2004 according to the venue that the Training Coordinator indicate that we should submit any compliant – "To the Chief Judge"?

Was not the General Counsel of the Public Defender Service sitting in the classroom when Brenden Wells, then Training Coordinator, lectured us prospective initiates regarding the "Overview of the D.C. Superior Court System"?

How is it that we were not properly informed of our right of redress, a necessary component of any orientation conference?

Should I now be pleased that I was miss-trained by Brenden Wells, that I now discover it, that the disparate actions of Wells and company now accrue to consideration of discrimination, that no one will investigate, and that the Chief Judge had two years to properly and formally address this matter but did nothing in that regard, not even properly dismiss so as to enable me to go (though it would be hobbled without investigation) to the appropriate courts of jurisdiction?

What is 'access to the appropriate courts'?

Do we not now have a President that guaranteed us that we would have access to the courts?

Where are the courts, or the hearing bodies, or the investigating commissions; where are they?

Obviously, the judicial side of the DC Superior Court does not have a body to formerly address civil rights disputes, matters of disparate action, or other issues, complaints, or grievances that an investigator who contracts, or, in the alternative, is hired by a CJA attorney, (take your pick), or who is so certified by the Court, or, has been involved in some way with that program, brings forth.

## To the District of Columbia Courts
### In the Matter of Radcliffe B. Lewis v. Rufus King, III, Et al

Perhaps then there is a better way to dismiss this complaint so that the redress process otherwise available through suit is not interrupted.

Pursuant to DC ST § 11-1741 (6), (7), (8), and (9), the Executive Officer of the Court be it of her "own initiative", or in the alternative "as may be assigned...by a Chief judge", to pick up the slack if you will, where there is a blatantly unassigned business of the court to be handled.

Please make no doubt about it, I am involved with the Court purely as a business endeavor. My name is not Warren Buffet, I do not have money, time, expense, or expertise, at this juncture of my life to give give give and not get. I perform under the naval creed and this includes that if I don't have my derriere covered, then I can't cover anybody else's.

If the Court does not wish to consider the matter at this juncture, then a statement acknowledging in writing that the Court, not just a portion or one office of it, has no other administrative process that it can certify this matter to, that administrative redress is verifiable exhausted. If the Court does not dismiss in this wise, then the Court leaves open to invitation the inference that it perceives that I have been talking to myself.

**Please not that time is of the essence in this regard.**

Sincerely and respectfully remitted by

9/28/06

Radcliffe B. Lewis, **Claimant**
P.O. Box 2241
Washington, DC  20013-2241
Tel: 202 664-3130

Cc:    Rufus King, III, Ann Wicks, E. H. Norton