UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 15 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RADCLIFFE BANCROFT LEWIS, )
)
Plaintiff, )
)
v. ) Civil Action No. 07-0697 (RJL)
)
DISTRICT OF COLUMBIA )
JUDICIARY, *et al.*, )
)
Defendants. )
_____ )

### MEMORANDUM OPINION
(February 15, 2008)

In this action against the District of Columbia and the United States, *see* Order of July 11, 2007 (substituting defendants), plaintiff challenges his inability to work as an investigator under the Criminal Justice Act. He seeks injunctive relief and $100,000 in monetary damages. The United States moves to dismiss pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or for a more definite statement pursuant to Rule 12(e). In addition to opposing the motion, plaintiff has filed an amended complaint. Because neither the opposition nor the amended complaint cures the jurisdictional defects of the complaint against the United States, the Court grants the United States's Rule 12(b)(1) motion to dismiss.

### I. BACKGROUND

Plaintiff alleges that in April 2002, he "entered into a contractual agreement with the defendants as an investigator on behalf of indigent individuals charged with crimes and prosecuted within the judiciary branch of the Government of the District of Columbia . . ." Am. Compl. [Dkt. No. 15] at 3. In January 2004, plaintiff's "membership as an active [certified]

investigator with the D.C. Courts was abruptly terminated" when he could not provide acceptable identification --a driver's licence and social security card-- to obtain an investigator identification card. *Id.* Plaintiff sought to file a discrimination claim against the District of Columbia through the United States Department of Labor ("DOL") and the Department of Justice ("DOJ"), but DOL would not accept the 200-page complaint because of its length and DOJ would not accept it by hand-delivery. *Id.* at 2. By then, plaintiff could not afford to mail the complaint. *Id.* Plaintiff attempted to submit the complaint to the United States Congress but was unable to do so because of "a very overreaching law," defining anyone seeking to communicate with Congress as a lobbyist. *Id.* at 3. "[D]espite vigorous attempts to seek proper redress of the matter, the District still refused to grant [plaintiff] the status as 'Certified CJA Investigator', to [plaintiff's] detriment." *Id.* at 6. Thus, plaintiff initiated this civil action.

## II. DISCUSSION

Under the relevant counts of the amended complaint, plaintiff sues the United States for denying his First Amendment right to redress grievances, *id.* at 6, Counts D and E, but in what way may be discerned only from the demand for relief. Plaintiff seeks an order compelling Congress "to provide an access whereby individuals with justifiable claims do not have to lobby congress for their right to meaningful remedy, but . . . to allow the forwarding of such redress to the appropriate committees of Congress." *Id.* at 6. The separation-of-powers doctrine precludes the courts from awarding such relief, however. *See U.S. v. Rostenkowski*, 59 F.3d 1291, 1306 (D.C. Cir. 1995) ("the Rulemaking Clause of Article I clearly reserves to each House of the Congress the authority to make its own rules").

2

Plaintiff also seeks monetary damages from the United States for loss of "property, time, rights, and dignity." Am. Compl. at 7. Claims for monetary damages against the United States are cognizable under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, but only to the extent that the United States has consented to be sued for such claims by explicit waiver of its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984). This claim may not be heard because the United States has not consented to be sued for constitutional torts. *See FDIC*, 510 U.S. at 478.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the claims against the United States. A separate Order accompanies this Memorandum Opinion.

*[signature]*
_____
RICHARD J. LEON
United States District Judge

3