## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMIBA

Radcliffe B. Lewis

*Plaintiff*

v.

District of Columbia Judiciary, et al

*Defendants*

Civil Action No. 07-0697 (RJL)

---

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
### *To*
### THE DISTRICT OF COLUMBIA'S "*MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT AND MOTION FOR DEFAULT JUDGEMENT*"

### *Points and Authorities*
### *Pur*

suant to LCvR7(b), F.R.C.P. 6(b) and F.R.C.P 55

*[stamp: RECEIVED FEB 25 2008 PM 11: 56 CLERK US DISTRICT & BANKRUPTCY COURTS]*

## I. Timeliness of Opposition

1. LCvR7(b) provides for the filing of the here-inscribed points and authorities within 11 days of the date of service of the defendant's "Motion for Enlargement…". The District of Columbia having proffered to serve the said motion 19 February 2008 at the filing of the opposition thereto, 11 days have not passed, Plaintiff's Oppositioin is timely.

## II. Table of Times and Responses:

2. From the time of issuance of the summons on 25 July 2007, the Government of the District of Columbia took a total of 209 days (to 19 February 2008) to react. See "**Exhibit #1.**

3. From the time of receipt of the amended complaint on 2 October 2007, the Government of the District of Columbia took 140 days (to 19 February 2008) to react. See "**Exhibit #2.**

4. From the time of receipt of the Plaintiff's Motion for Default Judgment, on 16 October 2007, the Government of the District of Columbia took 126 days to react. See "**Exhibit #3.**

5. Thus from the time of issuance of the summons to the commencement of drafting of this Memorandum, a time of 212 days have thus far elapsed. See "**Exhibit #4.**

6. The Government of the District of Columbia now proffers a request for a time span of 157 days (from 2

7. Consequently, the Government of the District of Columbia now seeks a time span of 226 days (from 25 ~~September~~ 2007 to 7 March 2008) to elapse in action, **(see "Exhibit #6"),**and

8. Consequently The Government of the District of Columbia seeks a complete time span of not less than 1500 days from the time of the inciting incident on 28 January 2004, to 7 march 2008, relative to material action. See "**Exhibit #7**".

10. It is not appropriate for the Court to entertain this kind of time dilation in any action.

**11. Time is a attributable to a vat of water going down the drain, sooner or later you just don't have any left.**

**Background**

11. Plaintiff commenced his action on 27 January 2007 as a result of an incident that occurred on 28 January 2004 (and thus 1096) days thereafter, as a result of no resolution of that incident. The Court granted leave of the indigent plaintiff to repair address issues, on about 5 March 2007, and commenced docketing on 17 April 2007.

12. Plaintiff's Complaint relied on the equitable powers of the Court, seeking injunctions to reinstate his contracting status with the District of Columbia, and to repair time for redress, as well as $100,000.00 in equitable relief from the defendants District of Columbia and United States, as the former appeared to have no venue for addressing the basis of this complaint (discrimination) and the latter refused to accept it because the plaintiff was not able to afford the mailing fee to get it to the Department of Justice across the street. Furthermore in his Complaint, the plaintiff emphasized that "time is of the essence…in bringing forth [his] original" claims to proper judicial venue.

13. The Court issued summonses to the defendants and the District of Columbia received its summons not later than 25 July 2007. The United States responded demanding dismissal/summary judgment, or, in the alternative, a "more definite statement"; the District of Columbia remained unresponsive.

14. Upon "pains"[1] of leave by the Court to do so, the plaintiff amended his Complaint in an attempt to make more definite his statement. He sued the District of Columbia for libel and slander, as well as defamation. He also sued the District of Columbia for failing to provide to him a formal venue to address the incident of 28 January 2008 – the abrupt termination of his contracting status; and he sued the Federal Executive Branch, (particularly, the Department of Justice and the Department of Labor), as well as the Congress of the United States[2] for obstructing his access to redress (their failure to accept his discrimination complaint).

15. Aside from the matter of redress, the plaintiff retained his injunctive suit claim in equity for $100,000.00, sued for full equitable monetary relief of $500,000.00[3] and sued for $1,000,000.00 in general damages, yielding a total of $5,500,000.00 in monetory related damages, and effectively raising the bar of his suit from on that is merely injunctive to one that is a fully civil action with all that that entails.

16. Even before the deadline for filing the amended complaint, the federal defendant moved for a dismissal; however, on 14 October 2007 the plaintiff applied for judgment by default against the District of Columbia which still failed to respond to the either the summons or the amended complaint.

17. On 18 February 2008, an Assistant Attorney General for the District of Columbia entered the case and the following day relying on F.R.C.P. 6(b), filed a motion for default judgment seeking more time.

18. In its motion, the District of Columbia asserted that it received the Refiled Complaint "approximately 10 days" after Plaintiff filed it with this Court. Factually, Plaintiff filed that

---

[1] Order of 23 August 2007.

[2] In its Order of 11 July 2007, the Court granted the Plaintiff's motion for Substitution of Parties, by providing for only two defendants, the United States (Federal Defendant) and the District of Columbia. The Court did this by combining the three federal entities (the DOL, DOJ, and Congress) as one complete entity, thus conjoining the two branches of the federal government (the Executive and Legislative) as one. Effectively the Court as we have later come to find out, appearedto have disjoined the identity of the Congress of the United States from is oversight and rule-making capacity in relation to Section 8 of Article 1 of the U.S. Constitution, thus resolving the District of Columbia's status as asui jurientity indeed.

[3] Had it been timely granted, the injunctive demand of $100,000.00 would have been deducted therefrom.

document with the Clerk of this Court on 25 September 2007. He then submitted the defendant's copy of the pleading to the Office of Risk Management on 2 October 2007, (seven days later), and to the "Secretary of the D.C.", ten days later. Thus the document was timely delivered to the defendant. F.R.C.P. 4(m). The District of Columbia also stats that "due to an inadvertent filing error, the undersigned counsel did not receive the pleading" and that "additional time is needed to obtain information from the District agencies.

20. In its accompanying memorandum, the District of Columbia leans on the "wide discretion" of the Court to "urge" a *"nunc pro tunc"* extension. Beyond this there is nothing more to its pleading.

21. F.R.C.P 6(b) indicates that a motion to extend time made after the time has expired may "for good cause" or because of "excusable neglect" be granted; however nothing in the defendant's motion or memorandum shows any good cause for granting this motion. In fact, the defendant shows no cause at all. At best the District of Columbia proffers some "inadvertent filing error" but fails to explain the nature of the inadvertence with respect to filing - if error. The wide discretion available to the Court should not be entertained to enlarge time in a suit at law that came about 1096 days after an incident because the plaintiff asserts the defendant has exasperated his own time. F.R.C.P. 12 already provides for the tripling of physical time for a government agency to respond to a suit. It being the District of Columbia took over 140 days after receipt of the amended complaint to respond to the summons, it is unfathomable that without providence of any cause, especially in a pleading without affidavits to support, that this Court would allow for the doubling up of already tripled up time to respond to a subsequent filing.

22. The Plaintiff has already, in his Application for Judgment by Default, indicated to great lengths the nature of accumulated damages he suffers from the exasperation of his time. There is little need to elaborate more on these indignities. Suffice to say, the entry of appearance by defendant's counsel and their peculiar motion indicates no genuine issue to directly address the material issues raised in the original Complaint. The defendant did not even provide a contemporaneous response

to the Amended Complaint other than to seek from this Court the dilation of phenomenal time.

23. The defandant's counsel's entry of appearance and current motion constitute its respnse to this Court's issued summons of 24 July 2007.

24. That Summons and the original Complaint was served upon the District of Columbia as of 25 July 2007, and the service is not challenged.

25. The Court's Order of 23 August 2007 did not call for a re-issuation of the summons, but only dirtected the plaintiff to file an ammended complaint. F.R.C.P. 4 (m) mandates that the time limit for service of a summons and complaint after the complaint is filed is 120 days. The District of Columbia by its own admission recieved the Amended Complaint a mere ten days after it was filed, [Note Exhibit #8, so affirming) which is well withing the time limit of F.R.C.P. 4(m).[4]

26. Notwithstanding, the Amended Complaint constitutes a subsequent filing, and did not negate the scope and and validity of the original complaint, nor for that matter, the summons, and it is the summons and the original complaint, not the amended complaint that caries the authority of commencement of action.   Accordingly, the defendant is still responsible for answering that summons and that original complaint in its own design, as opposed to through proxy, the response and answer of any co-defenandant; wherein this is winthin the knowledge of the Assistant Attorney General for the District of Columbia.  This is so irrespective of any neglect, error, deficiency in filing and serving of the Amended Complaint, or consternation about the material contents of that latter Amended Complaint.

27. Just because that original comlplaint may have been deemed non-discernable to the defendant's co-defendant does not mean that the implication meritoriously stands that the sam original complaint was not discernable to the instant defendant. This court must be careful not to hastily generalize and

---

[4] There are four ways for the Plaintiff to get the Complaint to the District of Columbia without money: 1. By way of hand delivery to the office of the OAG if they care to accept it, 2. By way of hand delivery to the Office of Risk Management unless they refuse to accept it, 3. By way of the in-house mail drop box of the DC Superior Court, and 4. By way of the the Secretary of DC. In these cases options 2 and 4 above allow for the best affirmation of service upon the District of Columbia.

rest on that assumption. Nothing in the defendant's thoughts and actions thus fare, as projected, indicate that the District of Columbia was not able to comprehend the nature and basis of the originial complaint.

28. Plaintiff now asserts that the District of Columbia comprehend's the original complaint, but chooses to attempt to avert acknowleging it altogether. This Court should note that the defendant at no time mentioned the summons, or the original complaint, nor made any statement that could be construed as pertaining to that summons or complaint.

29. Plaintiff here repeats his statements 24 and 26 above and adds here that without acknowledgment of the summons and original complaint it is fool-hardy for the plaintiff to construe that subsequent pleadings proffered by the defendant are fourmal, not virtual; hence the contemporaneously filed motion to strike the proffered appearance of defendants counsel, (the first filing). The failure of the defendant in its first filing to even mention the summons, better yet, to declare that the defendant is actually responding to the summons, and directly so, coupled with the Notice of Appearance frought with substantive typographical and procedural format errorfs presents a transitive epistemological challenge for the th plaintiff to take for grantied that the responses are in fact earnest responses. Thus given these situations, the plaintiff is not able to certify that he can tke the motion for enlargement proffered (and thereby virtually so) by the defendant at face value. Something more ominous that that is afoot.

30. What the defendant is attempting to do here, is, in the face of realizing that it overstepped its bounds in an attempt to dodge service of summons and notice of suit, is to respond to the summons and original complaint with a cronologically cognitive discourse trap, banking on the non-qualification status of the plaintiff (a Pro Se litigant in economic distress). Were the plaintiff to give in to the idea of enlargement of time, the plaintiff at best appears to fiaol to comprehend the dynamic consequences of the lapse of time, and at worst, appears to lack the resolve to prosecute his case - and thus, in any event, appear to be not credible. But this would punctuatively certify the allegation of the agents of the District of Columbia that the plaintiff is not deservingly a certifyable

contractor on account that he (as best as as Plaintiff is able to deduce their allegation) is 'not credible'. After-all, he lodges a complaint in suit which he is either incapable of prosecuting, or too shallow of mind to prosecute. This would be the implied accusation. Now just as Plaintiff recognized the transitive aspects of the defendant's improperly filed Notice of Appearance, which no inhibit the credence thereof, so it is the Court would be bound by the plaintiff's own concessioni, Rule LCvR 7(b), to attribut to Plaintiff a lack of credewnce or resolve.

31. For the Court to do otherwise is to undercut its own procedural rule. The plaintiff having decried the loss of his time, even so as to file a suit for redress to cure time, and having lodged an application for default based on the exhaustion of time would have no consented to a retroacted sextuplated physical time. This woul be very transitive indeed throughout the entirety of the case, and for the plaintiff ther is not logical explanation for the granting of recovery from that kind of certificatiokn against his own sense of judgment.

32. Thus even in the light most favorable to the defendant, and even were the plaintiff to seek to somehow be most appeasing to the defendant's Generals at law, the plaintiff is nevethelss duty bound, for the sake of the fate of his own percieved character, to resist this motion of hte defendant to allow for the further dilation of time.

33. Thus fare here, the plaintiff has established that the defendant's instant motion is but a virtual response to the unacknowledged, yet properly served summons and complaint, that the plaintiff has good cause to resist the defendant's call for enlargement of time, that the plaintiff must resist for the sake of his own fate, and that failure to resist is sufficient to encapsulate the eintereity of his case as one that is 'not credible'.

34. Definitively then, what we see here is thawt the District of Columbia's Rule 6(b) motion "to enlarge the time *nunc pro tunc*, in which to file a respons to Plaintiff's Refiled Complaint and Application for a Default Judment" is jsut that - an <u>Application for Default Judgment</u>, carefully cloaked as one of the mst appeasable requests thawt is normally before any court;  carefully

get his picture taken so as not to disrupt the timeliness of the card disrtribution process, and to show a driver's license or non-driver's license later, when he gets paid again and could afford to get one. But Radcliffe was granted no time: rarther Wells merely left the room to get federal law enforcement officers to get Lewis out of there, and Lewis Wallace, a Court employee directed Radcliffe Lewis to get out before Wells returned with the marshals. They were not sympathetic to the lost wallet victim, so as to grant him time, and neither was Rufus King. All those condoned the abrupt cancellation of Leiws's viable source of income. 1488 days later, the homeless or DISPLACED rather, braggart is still begging for time, for redress that is, and that is somthing that DC has no intention of allowing Lewis to have, yet they want 1500 days of Lewis's time to waste at their pleasure.

Conclusion

The plaintiff is on on public a access computer terminal and has ran out of time.

Respectfully submitted by

Radcliffe B. Lewis

1901 15th Street, NW, #4

Washington, DC 20009

# time and date.com

Search: [          ] [Go]

Current location: Home page > Date menu > Duration calculator > Results
Other locations: Time zone menu | World Clock | Calendar | Countdown



# Duration calculation results

From and including: **Wednesday, July 25, 2007**
To, but **not** including : **Tuesday, February 19, 2008**

It is **209** days from the start date to the end date, but not including the end date

Or 6 months, 25 days excluding the end date

## Alternative time units

209 days can be converted to one of these units:
- 18,057,600 seconds
- 300,960 minutes
- 5016 hours
- 29 weeks (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- Date Duration calculator - count days between two dates
- Find duration between two dates with time
- Date calculator - add (or subtract) days, months, years to a date
- Birthday calculator - Find when you are 1 billion seconds old and more



## Related tools

- Date related services - overview
- Calendar for any year
- The World Clock - Time Zones
- Countdown to New Year

Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

# time and date.com

Register | Log in | Customize
Search: [        ] [Go]

Current location: Home page > Date menu > Duration calculator > Results
Other locations: Time zone menu | World Clock | Calendar | Countdown


**Attention All Drivers!**
Get a Fast & Free Auto Insurance Quote
AutoInsuranceTips.com

**Step1:**
**Enter Your Zip Code**
[20069] [Get Quotes]
Quotes good for February 25, 2008

# Duration calculation results

From and including: **Tuesday, October 2, 2007**
To, but **not** including : **Tuesday, February 19, 2008**

It is **140** days from the start date to the end date, but not including the end date

Or **4 months, 17 days** excluding the end date

## Alternative time units

140 days can be converted to one of these units:
- 12,096,000 seconds
- 201,600 minutes
- 3360 hours
- 20 weeks

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- Date Duration calculator - count days between two dates
- Find duration between two dates with time
- Date calculator - add (or subtract) days, months, years to a date
- Birthday calculator - Find when you are 1 billion seconds old and more



## Related tools

- Date related services - overview
- Calendar for any year
- The World Clock - Time Zones
- Countdown to New Year

Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

# time and date.com

Register | Log in | Customize

Search:                                    [Go]



**Attention All Drivers!**
Get a Fast & Free Auto Insurance Quote
AutoInsuranceTips.com

**Step1:**
**Enter Your Zip Code**
[20069]   [Get Quotes]
Quotes good for February 25, 2008

# Duration calculation results

From and including: **Tuesday, October 16, 2007**
To, but not including : **Thursday, February 14, 2008**

It is **121** days from the start date to the end date, but not including the end date

Or **3 months, 29 days** excluding the end date

## Alternative time units

121 days can be converted to one of these units:

- 10,454,400 seconds
- 174,240 minutes
- 2904 hours
- 17 weeks (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- Date Duration calculator - count days between two dates
- Find duration between two dates with time
- Date calculator - add (or subtract) days, months, years to a date
- Birthday calculator - Find when you are 1 billion seconds old and more

## Related tools

- Date related services - overview
- Calendar for any year
- The World Clock - Time Zones
- Countdown to New Year



Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

Register | Log in | Customize

# time and date.com

Search: [_____] Go

Current location: Home page > Date menu > Duration calculator > Results
Other locations: Time zone menu | World Clock | Calendar | Countdown

| ⚑ TransUnion. | EQUIFAX | Experian | Do You Know Your Credit Score? |
| 351 | 364 | 382 | Click Here to See Yours! |
| | | | privacymatters.com |

# Duration calculation results

**From and including: Wednesday, July 25, 2007**
**To, but not including : Friday, February 22, 2008**

It is **212** days from the start date to the end date, but not including the end date

Or **6 months, 28 days** excluding the end date

## Alternative time units

212 days can be converted to one of these units:
- 18,316,800 seconds
- 305,280 minutes
- 5088 hours
- 30 weeks (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- Date Duration calculator - count days between two dates
- Find duration between two dates with time
- Date calculator - add (or subtract) days, months, years to a date
- Birthday calculator - Find when you are 1 billion seconds old and more

## Related tools

- Date related services - overview
- Calendar for any year
- The World Clock - Time Zones
- Countdown to New Year

Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

# time and date.com

Register | Log in | Customize

Search: [_____] Go

Current location: Home page > Date menu > Duration calculator > Results
Other locations: Time zone menu | World Clock | Calendar | Countdown

▶ **Click here**

# Duration calculation results

**From and including: Tuesday, October 2, 2007**
To, but **not** including : **Friday, March 7, 2008**

It is **157** days from the start date to the end date, but not including the end date

Or **5 months, 5 days** excluding the end date

## Alternative time units

157 days can be converted to one of these units:
- **13,564,800 seconds**
- **226,080 minutes**
- **3768 hours**
- **22 weeks** (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- Date Duration calculator - count days between two dates
- Find duration between two dates with time
- Date calculator - add (or subtract) days, months, years to a date
- Birthday calculator - Find when you are 1 billion seconds old and more

## Related tools

- Date related services - overview
- Calendar for any year
- The World Clock - Time Zones
- Countdown to New Year



Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About Us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

Register | Log in | Customize

# time and date.com

Search: [                    ] Go

Current location: **Home page** > **Date menu** > **Duration calculator** > Results
Other locations: **Time zone menu** | **World Clock** | **Calendar** | **Countdown**

| TransUnion. | EQUIFAX | Experian | Do You Know Your 2008 Credit Score? |
|---|---|---|---|
| 351 | 364 | 382 | Click Here to See Yours! |

# Duration calculation results

From and including: **Wednesday, July 25, 2007**
To, but **not** including : **Friday, March 7, 2008**

It is **226** days from the start date to the end date, but not including the end date

Or 7 months, 11 days excluding the end date

## Alternative time units

226 days can be converted to one of these units:
- 19,526,400 seconds
- 325,440 minutes
- 5424 hours
- 32 weeks (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- **Date Duration calculator** - count days between two dates
- **Find duration between two dates with time**
- **Date calculator** - add (or subtract) days, months, years to a date
- **Birthday calculator** - Find when you are 1 billion seconds old and more

## Related tools

- **Date related services** - overview
- **Calendar for any year**
- **The World Clock - Time Zones**
- **Countdown to New Year**



Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

# time and date.com

Register | Log in | Customize

Search: [____] Go

Current location: Home page > Date menu > Duration calculator > Results
Other locations: Time zone menu | World Clock | Calendar | Countdown

[____]    ○ Yes ○ No    Get Started

○ Yes ○ No    ○ Yes ● No

# Duration calculation results

From and including: **Wednesday, January 28, 2004**
To, but **not** including : **Friday, March 7, 2008**

It is **1500** days from the start date to the end date, but not including the end date

Or **4 years, 1 month, 8 days** excluding the end date

## Alternative time units

1500 days can be converted to one of these units:
- **129,600,000 seconds**
- **2,160,000 minutes**
- **36,000 hours**
- **214 weeks** (rounded down)

## Make a new calculation

- Modify the current calculation
- New calculation between two other dates
- New calculation, with both date and time included

## Help and example use

- How to use the Date Duration Calculator
- How to use the Time Duration Calculator
- Some typical uses for the date calculators

## Other calculators

- **Date Duration calculator** - count days between two dates
- **Find duration between two dates with time**
- **Date calculator** - add (or subtract) days, months, years to a date
- **Birthday calculator** - Find when you are 1 billion seconds old and more

## Related tools

- **Date related services** - overview
- **Calendar for any year**
- **The World Clock - Time Zones**
- **Countdown to New Year**



Copyright © Time and Date AS / Steffen Thorsen 1995–2008. All rights reserved. About us | Disclaimer | Privacy

Create short URL to this page | Feedback: webmaster@timeanddate.com

Home page | Site Map | Site Search | The World Clock | Calendar | Countdown | Time Menu

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF COLUMBIA

Radcliffe B. Lewis
        Plaintiff PaSe

V

District of Columbia

And

The United States of America
        Defendants

Case No.: 1:07 - 697 - rjl

**RECEIVED**

OCT 0 2 2007

OFFICE OF RISK MANAGEMENT

2007 SEP 23 PM 9:23

NANCY H.
MAYER-WHITTINGTON
CLERK

### REFILED COMPLAINT

This Court provided Plaintiff Radcliffe B. Lewis an opportunity to
respond to Defendant United States' motion to dismiss for a more
definate statement by refiling the Complaint.[1]   The accompanying
pages are intended to so provide.   The Action is amended to
encompass in scope, claims, an in terms of reliefs sought, the body of
of known claims regardless of venue. F.R.C.P. 8 applies.   Plaintiff focuses
only on the activities of the defendants stipulated above.[2]

The Court should not that Defendant District of Columbia has yet to
respond or entered any counsel to appear.

                                    (Sign)
                                    Radcliffe B. Lewis, Plaintiff ProSe
                                    1901 14th St. NW #4
                                    Washington, DC 20009

9/25/07

SECRETARY OF U.S.
2007 OCT 15 A 10:59

Encl: 8 Pages

[1] This is from recollection as at this writing Lewis does not have a copy of this
Court's Order in front of him from which to quote.

[2] The Court's Order did not address (it seems) the Social Security Admin-
istration which Plaintiff may address in a separate document

known address satisfied constitutional notice requirements and procedures set forth in 31 U.S.C. § 3176). The record establishes Defendants' several attempts to contact Plaintiff, in writing, by telephone, and through an agent. Referral of the account to the Treasury Department for collection occurred roughly 60 days after its last demand letter. The record also demonstrates that Plaintiff on at least two occasions responded to Defendants' demands for payment. Defendants fulfilled their obligations under 31 U.S.C. §§ 3711, 3716, regardless of whether Plaintiff availed himself of his opportunities to satisfy the debt before its payment by administrative offset.

C. **Plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act.**

The Federal Tort Claims Act ("FTCA") grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment. *See* 28 U.S.C. § 1346. The FTCA bars a plaintiff from bringing a civil action in district court until he has exhausted his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). A plaintiff exhausts after he presents his claim to the appropriate federal agency and the agency denies the claim in writing. *See* 28 U.S.C. § 2675(a). If an agency fails to make a final disposition within six months after the filing of the claim, the plaintiff may file suit any time thereafter. *See id.*

On August 6, 2004, months after filing the instant complaint,

10

**FILED**

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BARBARA JEAN LEWIS, *et al.*,      )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )        Civil Action No.    08 0120
                                   )
GOVERNMENT OF THE                  )
DISTRICT OF COLUMBIA, *et al.*,    )
                                   )
        Defendants                 )

### DISMISSAL ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiffs' applications to proceed *in forma pauperis* are GRANTED, and

it is further

ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

SO ORDERED.

_____
United States District Judge

Date: *January 16, 2008*

**FILED**

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA JEAN LEWIS, *et al.*,          )
                                       )
       Plaintiffs,                 )
                                       )
    v.                             )          Civil Action No.   **08  0120**
                                       )
GOVERNMENT OF THE                      )
DISTRICT OF COLUMBIA, *et al.*,        )
                                       )
       Defendants                  )

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiffs' applications to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the applications and dismiss the complaint without prejudice for lack of subject matter jurisdiction.

Plaintiffs allege that Barbara Jean Lewis purchased a winning lottery ticket on December 11, 1999 from S&S Liquor, a store in Northwest, Washington, DC. Compl. ¶¶ 11-13. According to plaintiffs, Ms. Lewis attempted to claim the prize, and that the District of Columbia Lottery Board denied her claim in May 2000. *Id.* ¶¶ 14-15. ~~Plaintiffs further allege that another of the winning ticket was obtained from a third party~~ and claimed both a commission for selling the winning ticket and ultimately obtained the prize money itself. *Id.* ¶¶ 16, 19. Mrs. Lewis and her son, Radcliffe B. Lewis, bring claims of conspiracy, unjust enrichment, and defamation, in addition to an unspecified civil rights claim against the District of Columbia defendants.[1] They

---

[1]     It appears that Mrs. Lewis executed a "limited and specific Power of Attorney" on December 15, 2003 granting Mr. Lewis the authority "[t]o stand in person or by proxy on [her] behalf regarding hearings, pleadings, trials, and actions, conferences and on any and all issues pertaining to the matter of the <u>Barbara Jean Lewis vs. DC Lottery and Charitable Games Control</u>
(continued...)

demand damages totalling $ 490 million.  Compl. at 8-9 (Prayer for Relief).

Federal district courts have jurisdiction in civil actions arising under the Constitution,

laws or treaties of the United States.  *See* 28 U.S.C. § 1331.  In addition, federal district courts

have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is

between citizens of different states.  *See* 28 U.S.C. §1332(a).  Plaintiffs' complaint states neither

a federal claim nor establishes diversity of citizenship.

Plaintiffs purport to bring an unspecified civil rights claim against the District of

Columbia.  *See* Compl. (Count III).  They allege that the District of Columbia failed in its duty to

maintain lottery-related equipment and had no means to monitor whether such equipment

functioned properly.  *See id.* ¶ 24.  As a result, plaintiffs were deprived of an opportunity to prove

to the Board that Mrs. Lewis possessed the winning ticket and were deprived of the lottery

winnings.  *Id.* ¶ 26. At most, these allegations may state a negligence claim ~~cognizable under the~~

~~District of Columbia law~~.  Neither this negligence claim nor the other tort claims are federal

claims sufficient to establish this Court's subject matter jurisdiction.

"For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity

between the parties, which is to say that the plaintiff may not be a citizen of the same state as any

defendant."  *Bush v. Butler,* ___ F. Supp. 2d ___, 2007 WL 3357144, at * 5 (D.D.C. Nov. 14,

---

[1](...continued)
Board et al., DC Court of Appeals, and DC Superior Court Case Nos. 02-AA-171 and 00-CA-005783[.]" Compl., Attach. (POWER OF ATTORNEY (SPECIAL)). ~~This power of attorney pertains to two specific actions in the District of Columbia and does not appear to authorize Mr. Lewis to pursue a new action in this federal district court on her behalf.~~ Although Mr. Lewis may represent himself as a *pro se* litigant, he is a lay person ~~who is not qualified to appear in this Court on his mother's behalf~~. *Georgiades v. Martin-Trigona,* 729 F.2d 831, 834 (D.C. Cir. 1984); *see Blackman v. District of Columbia,* 355 F. Supp. 2d 171, 172-73 (D.D.C. 2005).

2

2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). ▓▓▓▓▓▓

▓▓▓▓▓▓ and several defendants, including the District of Columbia government and the seller of

the winning lottery ticket, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "When a Court's subject

matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete

diversity does not exist, the Court must dismiss the suit." *Id.*, 2007 WL 3357144, at * 6 (citing

*Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994)).

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject

matter jurisdiction.  An Order consistent with this Memorandum Opinion will be issued

separately.


United States District Judge

Date: January 16, 2008

3

*APPENDIX A3    10 AUG 2006*

## District of Columbia
## Court of Appeals



F I L E D

AUG 1 0 2006

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 05-CV-1547**

BARBARA LEWIS,

Appellant,

v.                                                    **CAB5783-00**

DISTRICT OF COLUMBIA, ET AL.,

Appellees.

BEFORE:    Washington, Chief Judge, Farrell, Associate Judge, and Terry, Senior
Judge.

### J U D G M E N T

On consideration of appellee's motion for summary affirmance, and appellant's
late motion for extension of time to file opposition, and it appearing that this is a frivolous
appeal, it is

ORDERED that appellant's motion for extension of time to file opposition is
denied. It is

FURTHER ORDERED that appellee's motion for summary affirmance is granted.
It is

FURTHER ORDERED AND ADJUDGED that the order on appeal is hereby
affirmed.

ENTERED BY DIRECTION OF THE COURT:



GARLAND PINKSTON, JR.
Clerk of the Court

Copies to:

Honorable Natalia Combs Greene

Clerk, Superior Court

Barbara Lewis
c/o Radcliffe Lewis
P.O. Box 2241
Washington, DC 20013

Todd S. Kim, Esquire
Solicitor General, D.C.

lw