TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Radcliffe B. Lewis, Et al, Pro Se

*Plaintiffs*

vs.

District of Columbia, Et al

*Defendants*

Civil Action No. 07-697 (RJL)



NOTICE OF CORRECTION

RE:

PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S "MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT AND MOTION FOR DEFAULT JUDGMENT"

Pursuant to LCvR 7(b), F.R.C.P. 6(b) and F.R.C.P 55

The Court will please note the correction in the caption of Plaintiff's Opposition.

The Opposition read **"Barbara J. Lewis, Et al, Pro Se, Civil Action No. 08-120"** This to be changed to

**"Radcliffe B. Lewis, Pro Se Civil Action No. 07-0697 (RJL)"**, as noted on this document; Barbara J. Lewis is not a party to the instant Action The filing of 25 February 2008 remains valid otherwise. A copy of the said Opposition now corrected is being provided herewith.

**Rule 5 Notice**

I hereby affirm that on this 26th day of February 2008, I Radcliffe B. Lewis cause a copy of the forgoing Notice of Correction to be delivered to the following parties:

Melving Bolden Jr., Esquire

The Office of the Attorney General for the District of Columbia

441 4th Street, NW, Suite 1060 N, Washington, DC, 20001

And

Clair Whitaker, AUSA

The United States Attorneys Office

555 Fourth Street, NW (Room 10808)

Washington, DC 20530

*R. Lewis*

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Radcliffe B. Lewis, Et al, Pro Se<br>*Plaintiffs*<br>vs.<br>District of Columbia, Et al<br>*Defendants* | Civil Action No. 07-697(RJL) |

**PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S "MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT AND MOTION FOR DEFAULT JUDGMENT"**

Pursuant to LCvR 7(b), F.R.C.P. 6(b) and F.R.C.P 55

**DECLARATION OF OPPOSITION**

Radcliffe B. Lewis, the plaintiff in this Action hereby opposes the Motion of Defendant District of Columbia to enlarge time nunc pronc tunc for the following reasons.

A. The Defendant District of Columbia has expended and exhorbitant amount of time far exceeding any allowable time to respond to the Summons in question.

B. The Defendant District of Columbia has failed to provided any just cause for the granting of the Motion.

C. The Plaintiff is now entitled to a granting of the Motion as a matter of right.

Plaintiff hereby provides the accompanying memorandum in support of his Opposition and urges the Court not to Grant the defendant's Motion.

Respectfully submitted by

*[signature]*

Radcliffe B. Lewis, Plaintiff Pro Se

1901 15th Street, NW, #4

Washington, DC 20009

## Rule 5 Notice

I hereby affirm that on this 25th day of February 2008, I Radcliffe B. Lewis cause a copy of the forgoing Opposition together with the accompanying Memorandum in Support and necessary exhibits to be delivered to the following parties:

Melving Bolden Jr., Esquire

The Office of the Attorney General for the District of Columbia

441 4th Street, NW, Suite 1060 N, Washington, DC, 20001

And

Clair Whitaker, AUSA

The United States Attorneys Office

555 Fourth Street, NW (Room 10808)

Washington, DC 20530

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMIBA

| | |
|---|---|
| Radcliffe B. Lewis<br>*Plaintiff*<br><br>v.<br><br>District of Columbia Judiciary, et al<br>*Defendants* | Civil Action No. 07-0697 (RJL) |

## CORRECTIONS TO PLAINTIFF' FILED

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
To
THE DISTRICT OF COLUMBIA'S "<u>MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT AND MOTION FOR DEFAULT JUDGEMENT</u>"

*Points and Authorities Pur suant to LCvR7(b), F.R.C.P. 6(b) and F.R.C.P 55*

**Note: This <u>Memorandum</u> previously filed on 25 February 2008 is being provided again having been review for spelling and grammar. No substantial amendments have been made, and the exhibits of the previoulsy filed Memorandum remain valid and are likewise attributable here.**

### I. Timeliness of Opposition

1. LCvR7(b) provides for the filing of the here-inscribed points and authorities within 11 days of the date of service of the defendant's "Motion for Enlargement...". The District of Columbia having proffered to serve the said motion 19 February 2008 at the filing of the opposition thereto, 11 days have not passed, Plaintiff's Oppositioin is timely.

### II. Table of Times and Responses:

| |
|---|
| 2. From the time of issuance of the summons on 25 July 2007, the Government of the District of Columbia took a total of 209 days (to 19 February 2008) to react. **See "Exhibit #1.** |
| 3. From the time of receipt of the amended complaint on 2 October 2007, the Government of the District of Columbia took 140 days (to 19 February 2008) to react. **See "Exhibit #2.** |
| 4. From the time of receipt of the Plaintiff's Motion for Default Judgment, on 16 October 2007, the Government of the District of Columbia took 126 days to react. **See "Exhibit #3.** |
| 5. Thus from the time of issuance of the summons to the commencement of drafting of this Memorandum, a time of 212 days have thus far elapsed. **See "Exhibit #4.** |

| |
|---|
| 6. The Government of the District of Columbia now proffers a request for a time span of 157 days (from 2 October 2007 to 7 March 2008) to elapse in action. **See "Exhibit #5".** |
| 7. Consequently, the Government of the District of Columbia now seeks a time span of 226 days (from 25 July 2007 to 7 March 2008) to elapse in action, **(see "Exhibit #6"),** and |
| 8. Consequently The Government of the District of Columbia seeks a complete time span of not less than 1500 days from the time of the inciting incident on 28 January 2004, to 7 march 2008, relative to material action. **See "Exhibit #7".** |

10. It is not appropriate for the Court to entertain this kind of time dilation in any action.

**11. Time is attributable to a vat of water going down the drain, sooner or later you just don't have any left.**

**Background**

11. Plaintiff commenced his action on 27 January 2007 as a result of an incident that occurred on 28 January 2004 (and thus 1096) days thereafter, as a result of no resolution of that incident. The Court granted leave of the indigent plaintiff to repair address issues, on about 5 March 2007, and commenced docketing on 17 April 2007.

12. Plaintiff's Complaint relied on the equitable powers of the Court, seeking injunctions to reinstate his contracting status with the District of Columbia, and to repair time for redress, as well as $100,000.00 in equitable relief from the defendants District of Columbia and United States, as the former appeared to have no venue for addressing the basis of this complaint (discrimination) and the latter refused to accept it because the plaintiff was not able to afford the mailing fee to get it to the Department of Justice across the street. Furthermore in his Complaint, the plaintiff emphasized that "time is of the essence…in bringing forth [his] original" claims to proper judicial venue.

13. The Court issued summonses to the defendants and the District of Columbia received its summons not later than 25 July 2007. The United States responded demanding dismissal/summary judgment, or, in the alternative, a "more definite statement"; the District of Columbia remained

unresponsive.

14. Upon "pains"[1] of leave by the Court to do so, the plaintiff amended his Complaint in an attempt to make more definite his statement. He sued the District of Columbia for libel and slander, as well as defamation. He also sued the District of Columbia for failing to provide to him a formal venue to address the incident of 28 January 2008 – the abrupt termination of his contracting status; and he sued the Federal Executive Branch, (particularly, the Department of Justice and the Department of Labor), as well as the Congress of the United States[2] for obstructing his access to redress (their failure to accept his discrimination complaint).

15. Aside from the matter of redress, the plaintiff retained his injunctive suit claim in equity for $100,000.00, sued for full equitable monetary relief of $500,000.00[3] and sued for $5,000,000.00 in general damages, yielding a total of $5,500,000.00 in monetary related damages, and effectively raising the bar of his suit from on that is merely injunctive to one that is a fully civil action with all that that entails.

16. Even before the deadline for filing the amended complaint, the federal defendant moved for a dismissal; however, on 14 October 2007 the plaintiff applied for judgment by default against the District of Columbia which still failed to respond to the either the summons or the amended complaint.

17. On 18 February 2008, an Assistant Attorney General for the District of Columbia entered the case and the following day relying on F.R.C.P. 6(b), filed a motion for default judgment seeking more time.

---

[1] Order of 23 August 2007.
[2] In its Order of 11 July 2007, the Court granted the Plaintiff's motion for Substitution of Parties, by providing for only two defendants, the United States (Federal Defendant) and the District of Columbia. The Court did this by combining the three federal entities (the DOL, DOJ, and Congress) as one complete entity, thus conjoining the two branches of the federal government (the Executive and Legislative) as one. Effectively the Court as we have later come to find out, appeared to have disjoined the identity of the Congress of the United States from is oversight and rule-making capacity in relation to Section 8 of Article 1 of the U.S. Constitution, thus resolving the District of Columbia's status as a sui jurientity indeed.
[3] Had it been timely granted, the injunctive demand of $100,000.00 would have been deducted therefrom.

18. In its motion, the District of Columbia asserted that it received the Refiled Complaint "approximately 10 days" after Plaintiff filed it with this Court. Factually, Plaintiff filed that document with the Clerk of this Court on 25 September 2007. He then submitted the defendant's copy of the pleading to the Office of Risk Management on 2 October 2007, (seven days later), and to the "Secretary of the D.C.", ten days later. Thus the document was timely delivered to the defendant. F.R.C.P. 4(m). The District of Columbia also states that "due to an inadvertent filing error, the undersigned counsel did not receive the pleading" and that "additional time is needed to obtain information from the District agencies.

20. In its accompanying memorandum, the District of Columbia leans on the "wide discretion" of the Court to "urge" a *"nunc pro tunc"* extension. Beyond this there is nothing more to its pleading.

21. F.R.C.P 6(b) indicates that a motion to extend time made after the time has expired may "for good cause" or because of "excusable neglect" be granted. Nothing in the defendant's motion or memorandum shows any good cause for granting this motion. In fact, the defendant shows no cause at all. At best the District of Columbia proffers some "inadvertent filing error" but fails to explain the nature of the inadvertence with respect to filing - if error. The wide discretion available to the Court should not be entertained to enlarge time in a suit at law that came about 1096 days after an incident because the plaintiff asserts the defendant has exasperated his own time. F.R.C.P. 12 already provides for the tripling of physical time for a government agency to respond to a suit. It being the District of Columbia took over 140 days after receipt of the amended complaint to respond to the summons, it is unfathomable that without providence of any cause, especially in a pleading without affidavits to support, that this Court would allow for the doubling up of already tripled up time to respond to a subsequent filing.

22. The Plaintiff has already, in his Application for Judgment by Default, indicated to great lengths the nature of accumulated damages he suffers from the exasperation of his time. There is little need to elaborate more on these indignities. Suffice to say, the entry of appearance by defendant's

counsel and their peculiar motion indicates no genuine issue to directly address the material issues raised in the original Complaint. The defendant did not even provide a contemporaneous response to the Amended Complaint other than to seek from this Court the dilation of phenomenal time.

23. The defandant's counsel's entry of appearance and current motion constitute its respnse to this Court's issued summons of 24 July 2007.

24. That Summons and the original Complaint was served upon the District of Columbia as of 25 July 2007, and the service is not challenged.

25. The Court's Order of 23 August 2007 did not call for a re-issuance of the summons, but only directed the plaintiff to file an amended complaint. F.R.C.P. 4 (m) mandates that the time limit for service of a summons and complaint after the complaint is filed is 120 days. If it is so that the amended complaint holds authority with the scope of F.R.C.P. 4 as commencing Action, then given that the District of Columbia by its own admission recieved the Amended Complaint a mere ten days after it was filed, **[Note Exhibit #8, so affirming]** this is well within the time limit of F.R.C.P. 4(m).[4]

26. But even if the amended complaint is considered to be a subsequent filing only, then the defendant is still responsible for answering that summons and that original complaint in its own design, as opposed to through proxy, the response and answer of any co-defenandant; wherein this is within the knowledge of the Assistant Attorney General for the District of Columbia. This is so irrespective of any neglect, error, deficiency in filing and serving of the Amended Complaint, or consternation about the material contents of that latter Amended Complaint.

27. Just because that original complaint may have been deemed non-discernable to the defendant's co-defendant does not mean that the implication meritoriously stands that the same original

---

[4] There are four ways for the Plaintiff to get the Complaint to the District of Columbia without money: 1. By way of hand delivery to the office of the OAG if they care to accept it, 2. By way of hand delivery to the Office of Risk Management unless they refuse to accept it, 3. By way of the in-house mail drop box of the DC Superior Court, and 4. By way of the the Secretary of DC. In these cases options 2 and 4 above allow for the best affirmation of service upon the District of Columbia.

complaint was not discernable to the instant defendant. This court must be careful not to hastily generalize and rest on that assumption. Nothing in the defendant's thoughts and actions thus fare, as projected, indicate that the District of Columbia was not able to comprehend the nature and basis of the originial complaint. Moreove, this Court's Order of 23 August 2007 directed the plaintiff, "if he so intents," to "file separately, but contepoeraneously, an amended complaint that delineates the claims againsty the Federal Defendants..."

Thus the plainttiff's reasoning here actually comports with the logic of that Order, because that Order focuses on the relation of the plaintiff's Action to the Federal Defendants, not the District of Columbia, which by the time of the issuance of the Order (on that 29th day sinse the summons was recieved by the District of Columbia), still did not yet enter appearance or response to the summons before this Court.

28. Plaintiff now asserts that the District of Columbia comprehends the original complaint, but chooses to attempt to avert acknowleging it altogether. Consider -

As indicated in Plaintiff's Memorandum in support of his filed application for judgment by default, as of 24 September 2007, Defendant District of Columbia fell into violation of F.R.C.P. 12, as even then it neither entered appearance, or otherwise responded to the summons (within the scope of this Courts's interpretation of 'response'). Moreover, when the District of Columbia finally proffered a response more than 200 days later, the defendant at no time mentioned the summons, or the original complaint, nor made any statement that could be construed as pertaining to that summons or original complaint. Thus, irespective of the engaged proceedings of other parties, there is no good cause for the failure of the District of Columbia to timely respond to the summons and the original complaint. F.R.C.P. 6(b)(1). The District of Columbia allowed the time to expire without any response other than a non-response. F.R.C.P 6(b)(2). There is no excusable neglect for the District of Columbia's non-response either to the summons, or the original complaint, nor any excuse for its subsequent failure to timely respond within 11 days after receipt of Plaintiff's application for judgment by default. The District of Columbia allowed the time for that to expire too. F.R.C.P.6(b)(3). Consequently, F.R.C.P. 6(b) does not apply here because the District of Columbia fails to meet the standards necessary for this Court to consider enlargement of time for the it to respond. Succinctly

put, the District of Columbia simply fails witnout just cause to acknowledge the summons and complaint.

29. Plaintiff here repeats his statements 24 and 26 above and adds here that without acknowledgment of the summons and original complaint it is fool-hardy for the plaintiff to construe that subsequent pleadings proffered by the defendant are infact formal, not virtual; hence the contemporaneously filed motion to strike the proffered appearance of defendants counsel, (the first filing). The failure of the defendant in its first filing to even mention the summons, better yet, to declare that the defendant is actually responding to the summons, and directly so, coupled with the Notice of Appearance frought with substantive typographical and procedural format errors presents a transitive epistemological challenge for the plaintiff to take for granted that the responses are in fact earnest responses. Thus given these situations, the plaintiff is not able to certify that he can take the motion for enlargement proffered (and thereby virtually so) by the defendant at face value. Something more ominous than that is afoot.

30. What the defendant is attempting to do here, is, in the face of realizing that it overstepped its bounds in an attempt to dodge service of summons and notice of suit, to respond to the summons and original complaint with a chronologically cognitive discourse trap, banking on the non-qualification status of the plaintiff (a Pro Se litigant in economic distress). Were the plaintiff to give in to the idea of enlargement of time, the plaintiff at best appears to fail to comprehend the dynamic consequences of the lapse of time, and at worst, appears to lack the resolve to prosecute his case - and thus, in any event, appear to be *not credible.* But this would punctuatively certify the allegation of the agents of the District of Columbia that the plaintiff is not deservingly a certifyable contractor on account that he (as best as as Plaintiff is able to deduce their allegation) is 'not credible'. After-all, he lodges a complaint in suit which he is either incapable of prosecuting, or too shallow of mind to prosecute. This would be the implied accusation. Now just as Plaintiff recognized the transitive aspects of the defendant's improperly filed Notice of Appearance, which now inhibits the credence thereof, so it is the Court would be bound by the plaintiff's own concession, Rule LCvR 7(b), to attribute to Plaintiff a lack of credence or resolve.

31. For the Court to do otherwise is to undercut its own procedural rule. The plaintiff having decried the loss of his time, even so as to file a suit for redress to cure time, and having lodged an application for default based on the exhaustion of time would have now consented to a retroacted sextuplated physical time. This would be very transitive indeed throughout the entirety of the case, and for the plaintiff there is no logical explanation for the granting of recovery from that kind of certification against his own sense of judgment.

32. Thus even in the light most favorable to the defendant, and even were the plaintiff to seek to somehow be most appeasing to the defendant's Generals-at-law, the plaintiff is nevertheless duty bound, for the sake of the fate of his own percieved character, to resist this motion of the defendant to allow for the further dilation of time.

33. Thus far here, the plaintiff has established that the defendant's instant motion is but a virtual response to the unacknowledged, yet properly served summons and complaint, that the plaintiff has good cause to resist the defendant's call for enlargement of time, that the plaintiff must resist for the sake of his own fate, and that failure to resist is sufficient to encapsulate the entirety of his case as one that is 'not credible'.

34. Definitively then, what we see here is that the District of Columbia's Rule 6(b) motion "to enlarge the time *nunc pro tunc*, in which to file a response to Plaintiff's Refiled Complaint and Application for a Default Judment" is just that - an <u>Application for Default Judgment</u>, carefully cloaked as one of the most appeasable requests that is normally before any court; carefully cloacked that is, in the vestitutude of a Rule 6(b) motion to enlarge time.

35. Now this motion of the defendant is the first response after the proffered entry of appearance, and it actually has nothing to do directly with the subsequent filing of the amended complaint, yet everything to do transitively with it. If granted, the defendant would need nothing more to draft papers to "Plaintiff's allegations" because after all an unacknowleged summons on a virtual and

faulty "Entry of Appearance" left unchallenged becomes a non-suit, and the "allegations" remain just that, "allegations" not charges, not claims, and certainly not ones meriting demand; and who needs to waste their time with "allegations". Moreover to retroactively enlarge time against the subsequent Refiled Complaint is to summarily declare that the Refiled Complaint was never served - to actually grant Default Judgment in favor of the defendant and against the plaintiff; and this, a whopping 209 Days after the supposed to be answered original complaint (not later than 24 September 2007), with or without the Order instructing Plaintiff to amend his Complaint.

36. But even were the Court to differ with the above-mentioned analysis of the matter, we see now that what the defendant now seeks is a double edged sword, a retroactive enlargment to the past, of the time to respond to the amended comlaint, coupled with an enlargement to the future, to March 2008 - in essence- to elasticize time to a period of not less thn 226 days to address a complaint. This is absured. It is difficult to imagine any jury that would grant such dilation and de-tensification of the cognitiion between cause and effect in any case, particularly at civil action. To begin with - this Action is predicated on contract violations overshadowed by the appearnce of civil rights violations. It is known that even in some criminal cases a time laps of 7 months between arraignment and trial is suffiicient to yield a negation of the charges. The defendant now seeks precisely 7 months and 11 days of time lapse before responding.

37. But this Court may consider the defendant's co-defendant and their related parties as to thier emphasis on the value of time. Plaintiff points this Court to *Lewis v. Wallace, U.S. District Crt., D.C. Case No. 04-600 (GK)* in which an Order of dimissal was granted in favor of the defendants when plaintiff sued for vioarion of due proceess in relation to time. The Court found against the plaintiff indicating that the Department of Treasure, having referred Lewis's account to collection after a mere 60 days fullfilled their obligation **(note marked "Exhibit #9", Courts Memorandum Opinion of 14 August 2004, pg 10)** thus dismissing the case. In fact, as a result of that dismissal and subseqeunt debtors, the plaintiff is again imminently subject to further collections from Sallie-Mae and Company. As late as 25 February 20008, the Plaintiff recieved a telephone call from that company in an effort to collect what it considers to be outstanding debts. These are companies

that have access to the collection proceedures of the Department of Treasury, United States. Never mind that Lewis has now come to the conclusion that the Higher Education Act of 1965 and derived processes of education access therefrom as available to him are *lemony* products; he is not yet able to prosecute his claims there, havhing been burdened with questionable debts from Department of Veterans Affairs, exacted through the Department of the Treasury's TOP Program. None of of these entities, the DVA, DOT, Sallie-Mae, are inclined to be benevolent with R. Lewis with respect to time.

38. But this Court need not look at such tangential considerations to appreciate the dregree to which the current defendant District of Columbia regards strategies and the effective currency or the lack thereof of time. The Court may consider *Lewis v. District of Columbia Lottery and Charitable Games, D.C. Crt of Appl. Case No. 05-CV-1547* where the Office of the Attorney General upon the time due for the profferance of its Appellee's Brief, issued a Motion for Summary Affirmance, which was by default granted by the time the Appellant acquired mere notice of the motion. The District's own high court upheld that judgment with its incredibly short duration of alloted time (litterally 36 hours to three days maximum) to respond. There was no *nunc pro tunc* time available there, no sir!.

39. We return here to this jurisdiction and look at how this Courts Bench regard time. The Court need consider its Orer of 22 January 2008, in *Lewis v. the District of Columbia Case No: 08-120*, **[see "Exhibit 10"]** in relation to Rule (56) where this Court considers itself to be estoppeled from reconsiderationg the pleading, its own decision, irrespective of excusable error neglect even by the Court, as a matter of law . The plaintiffs having only about 24 hours advanced notice of the dismissal of their action before filing a moiton for reconsideration, in keeping with strict adherence to its own law, the Court upheld the dismissal. Obviously Rule 6(b) did not apply then.

40. But this Court need not even look beyond this case for how it values time. In a previous order, the Court notes that it "pain"ed the Court to have to notify the instant pro se plaintiff that it wass

about to dismiss this case. See Order of 23 August 2008, Docket Entry # 11. It pained the Court to provide the plaintiff a complete maximum of 33 days to resond to the Federal Defendant's motion to dismiss; a large contrast to the in excess of a minimum of 157 days that the District of Columbia now looks to acquire, given the 200 days it took to respond to the Summons alone. Even if the Court lopped off 33 days retroactively for the District, that leaves a time space of 176 days to respond, which exceeds the not less than 126 days tha DC had thus far to respond to the plaintiff's motion for default judgment. Plaintiff can only imagine that for the Court to dilate 11 days into 126 days could only be excruciatingly painfull indeed.

41. We needn't say anything about the ridiculoulsy expedited decision the Court effectuated against the plaintiff today, compressing his time against his interest in the interest of the District of Columbia.

42. Finally the Court should consider the defendant's own exaction tendency in relation to time, in regards to the instant matter at hand. This entire Action arose because one day Radcliffe Lewis, whos driver's licensed had already expired, have then become a resident in the District of Columbia (if you may call it that) lost his wallet and happened upn an event - the distribution of new investigator ID cards to his collegues within the DC Superior Court - those regarded as "CJA investigators, of which he was one. He had his own Investigator ID card which contained his name, signature, photograph, date of birth, social security number, and fingerprint, as well as a card from the Department of Veterans Affairs containing his name, photograph, date of birth, and social security number. He showed these to Brenden Wells, an agent of the District of Columbia and begged to get his picture taken so as not to disrupt the timeliness of the card disrtribution process, and to show a driver's license or non-driver's license later, when he gets paid again and could afford to get one. But Radcliffe was granted no time: rather Wells merely left the room to get federal law enforcement officers to get Lewis out of there, and Lewis Wallace, a Court employee directed Radcliffe Lewis to get out before Wells returned with the marshals. They were not sympathetic to the lost wallet victim, so as to grant him time, and neither was Rufus King. All those condoned the abrupt cancellation of Lewis's viable source of income. 1488 days later, the homeless or

DISPLACED rather, braggart is still begging for time, for redress that is, and that is somthing that DC has no intention of allowing Lewis to have, yet they want 1500 days of Lewis's time to waste at their pleasure.

Conclusion

The plaintiff is on a public access computer terminal and has ran out of time.

Respectfully submitted by

_____

Radcliffe B. Lewis

1901 15th Street, NW, #4

Washington, DC 20009

---

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Radcliffe B. Lewis, Pro Se

    *Plaintiffs*

vs.                                                                                             Civil Action No. 07-697

(RJL)

District of Columbia, Et al

    *Defendants*

## ORDER REGARDING

## PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S "MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO COMPLAINT AND MOTION FOR DEFAULT JUDGMENT"

**Pursuant to LCvR 7(b), F.R.C.P. 6(b) and F.R.C.P 55**

Upon Consideraton of the District of Columbia's Motin for Enlargement of Time to File Response to Complaint and Motion for Default Judgement and Opposition thereto

The Order is DENIED

Sign: _____, Judge

Copies to

Radcliffe B. Lewis, 1901 15th Street, NW #4, Washington, DC, 20009,

Claire Whitaker, AUSA, The United States Attorneys Office, 555 Fourth Street, NW (Room 10808), Washington, DC 20530

Melvin Bolden, Assistant Attorney General, 441 4th Street, NW, 6th Flr, Washington, DC 20001