# TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## 333 Constitution Avenue NW. Washington, DC 20001

Radcliffe Bancroft Lewis, *Pro Se*
**Plaintiff**

vs.                                    Case No.: 1:07 –cv-697 rjl

District of Columbia, Et al
**Defendants**

---

## APPLICATION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT DISTRICT OF COLUMBIA

*Pursuant to F.R. Civ. P. 55, (a), or, in the alternative, F.R. Civ. P. 55, (b), (2)*

I. Plaintiff Radcliffe B. Lewis now respectfully moves this Court for the granting of affirmative relief through judgment by default against the District of Columbia as a matter of right. This is a dispositive motion; notwithstanding:

1. On 28 February 2008, at 11:56 am, Plaintiff attempted to contact Claire Whitaker, Esquire, counsel for defendant United States by calling (202) 514-7137 to seek consent for the filing of this motion, however the counsel was not available, and

2. On 28 February 2008 at 1159 am, Plaintiff attempted to contact Melvin Bolden, Jr., Esquire, counsel for defendant District of Columbia by calling (2020) 724-5695 to seek consent for the filing of this motion, however the counsel was not available.

### Statement of Genuine Issues

- Where Plaintiff filed suit and summons as well as complaint and amended complaint have been timely served, the Districtof Columbia fails to initiate a timely response thereto.

- The District of Columbia provides no adequate defense for its tardiness in response, and the District of Columbia provides no adequate defense thereo.

- Plaintiff is entitled to affirmative relief as a matter of right.

In support of this Application Plaintiff hereby provides the here attached Memorandum, and

proposed Order page.


Respectfully submitted by

_____ ,

Radcliffe B. Lewis
1901 15th Street, NW, #4
Washington, DC  20009

---

### **Rule 5 Notice**

I, Radcliffe Bancroft Lewis, hereby affirm under penalty of perjury that on this 1st Day of
March 2008, I caused this here-above stated **APPLICATION FOR JUDGMENT BY DEFAULT
AGAINST DEFENDANT    DISTRICT OF COLUMBIA** together with its attached
MEMORANDUM IN SUPPORT to be delivered by way of hand delivery, to the following:


Melvin Bolden, Jr. Assistant Attorney General, Office of the Attorney General for the District of
Columbia, 441 4th Street, NW, Suite 1060 N, Washington, DC, 20001,


Claire Whitaker, AUSA, The United States Attorneys Office
555 Fourth Street, NW (Room 10808), Washington, DC 20530


Secretary of the District of Columbia
1350 Pennsylvania Avenue, Washington, DC 20004


Sign: _____

R. Lewis

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue NW. Washington, DC 20001

Radcliffe Bancroft Lewis, Pro Se
*Plaintiff,*

vs.

Case No.: 1:07 –cv-697 rjl

District of Columbia, Et al
*Defendants*

---

## MEMORANDUM IN SUPPORT OF APPLICATION FOR JUDGMENT BY DEFAULT

## AGAINST DEFENDANT DISTRICT OF COLUMBIA

*Pursuant to F.R. Civ. P. 55, (a), or, in the alternative, F.R. Civ. P. 55, (b), (2)*

### Relevant Background

I. Plaintiff commenced proceedings in this Court against the District of Columbia on or about 17 April 2007 after receiving consent from the Department of Justice to remit his civil rights claim by way of this Court.

II. Prior to that, as far back as 29 October 2003, and again on 11 March 2004, Plaintiff submitted to the District of Columbia legal notices regarding the Plaintiff's intent to engage proceedings perchance the District of Columbia failed to rectify various discrepancies with its "CJA Investigator" program. **Refer to <u>Docket #17</u> marked "Exhibit #1" (copy of first page of DCST § 12-309 Notice of 29 October 2003 to the District of Columbia) and "Exhibit #2" (copy of DCST § 12-309 Notice of 11 March 2004 to the District of Columbia) respectively.**

III. Moreover, on 6 October 2006, District of Columbia, rendered its final judgment regarding Plaintiff's civil rights claim in the closest possible venue applicable to such claims in relation to Plaintiff, and therein affirmed that in its opinion even that venue was considered to hold improper jurisdiction to address his complaints. **Refer to <u>Docket #17</u>marked "Exhibit #3", correspondence from the District of Columbia.**

IV. As this proceeding commenced on the construction of seeking an Order of Mandamus, Plaintiff sought to comport the format of the proceeding with that of the EXTRAORDINARY equity action, and thereby incorporated within the body of his Complaint his requests for preliminary injunction and payment thereto.    Though the courts have abolished mandamus actions in favor of other procedures available in the F.R.Civ.P., to what degree Plaintiff may have not at that time separated out the injunctive pleas from other claims should be deemed excusable.  On 11 October 2007, the Clerk of the Court confirmed that Plaintiff's complaint format was acceptable.


V. At the time of filing there were no other claims against the defendants, and the full value of the Action was USD $100,000.00, however it became necessary for Plaintiff to resubmit his Compliant to attempt to defend against the United States' assertion that there was need for a "more definite statement".


VI. On 25 September, 2007, Plaintiff filed an amended Complaint incorporating claims for general damages as a result of the continued abrogation of the availability of redress accessible to Plaintiff. The summary of counts thus are as follows:

Libel and or Slander,

Defamation,

Obstruction of Justice, against the District of Columbia,

Obstruction of Justice, against the District of Columbia and the United States, and

Obstruction of Justice, against the Congress of the United States.


VII. Plaintiff sought the following injunctive reliefs:

1. Unabridged access benefits and privileges associated with those who are considered certified "CJA Investigators"[1] of the DC Courts, and

2. One Hundred Thousand [USD $100,000.00] dollars.

---

[1] The nomenclature that thedefendant may use is "expert witnesses".

VIII. Plaintiff also sought the following particular reliefs in this Action:

1. Declaratory Judgment indicating that Lewis is credible and that members of the public, governments, and other entities may contract with him – so as to countermand the libel and slander scheme of the District that Lewis is 'not credible'.

2. For this Court to cause the continued activation of Lewis's status as an investigator eligible for voucher payments for performing investigations assigned to and by the District of Columbia; in keeping with Section 20 of the DC Bill of Rights.

3. For this Court to cause to be an investigation of the civil rights complaint that Lewis has against the District of Columbia.

4. For this Court to cause the Congress of the United States to provide an access whereby individuals with justifiable claims do not have to lobby congress for their right to meaningful remedy, but for Congress to allow the forwarding of such redress to the appropriate committees of Congress without retribution against the individuals; and for the committees to be required to respond in some meaningful way.

5. For GENERAL DAMAGES in the amount of five million (USD $5,000,000.00) dollars in relation to the harm and significant loss of property, time, rights, and dignity suffered by Plaintiff at the hands of the District of Columbia.

6. For GENERAL DAMAGES in the amount of five hundred thousand (USD $500,000.00) dollars from both defendants for the abrogation of Plaintiff's right to remedy – the loss of property, time, rights, and dignity suffered thereby. (If awarded the $100,000.00) ordered at preliminary injunction to be deducted here from.

7. For this Court to cause the preservation of additional claims to be sought pending results of the civil rights investigation.

8. For such other relief as this Court may deem just and proper.

IX. On 2 October, 2007, and again on 5 October 2007, Plaintiff served the District of Columbia with a copy of the amended Complaint by way of the Office of Risk Management, and the Secretary of the District of Columbia, the two scepters responsible for accepting notices of suit against the District of Columbia.**Refer to <u>Docket #17</u> marked "Exhibit #4, copy of first page of (amended) "Refiled Complaint" indicating receipt thereof from the scepters of the District of Columbia.**

X. Moreover, Plaintiff also provided a copy to the Office of the Attorney General for the District of Columbia.

XI. Then on 5 October, Plaintiff provided the Office of the Attorney General for the District of Columbia, "DUTY SECTION" a copy of Plaintiff's filed response to Federal Defendant's Memorandum in Further Support of its Motion to Dismiss or for a More Definite Statement. **Refer to <u>Docket #17</u>marked "Exhibit #5", copy of first page of Plaintiff's response indicating receipt thereof from the Office of the Attorney General for the District of Columbia "DUTY SECTION".**

XII. As late as 13 February 2008 the District of Columbia did not respond in any way, much less entered any representative to appear before this Court on its behalf.  Then on 14 February 2008, a counsel from the Office of the Attorney General proffered an entry of appearance on behalf of the District of Columbia, and nothing else.

XIII. On 15 February 2008, this Court ordered the dismissal of the Federal Defendants, the Social Security Administration (SSA), and an SSA employee.

XIV. Then on 19 February 2008, the District of Columbia filed a "MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO REFILED COMPLAINT AND MOTION FOR DEFAULT JUDGMENT".  In that motion the District of Columbia stated:

*"Approximately 10 days later, the Refiled Complaint was apparently delivered to the Office of the Attorney General. However, due to an inadvertent filing error, undersigned counsel did not receive the pleading. Additional time is needed, therefore, to review plaintiff's pleadings, obtain information from the District agencies involved and to draft papers responsive to plaintiff's allegations."*

XV. On 25 February 2008, Lewis filed a <u>timely</u> Opposition to the District of Columbia's hereabove indicated proffered motion [See **Docket entry # 24**].

## **The District of Columbia Remains Unresponsive**

XVI. Plaintiff hereby repeats his statements I through XV above and adds that the opposing parties were made aware that an action at law was underway against them in accordance with LCvR 5.3 and as verified by way of **items "7" and "8" on the docket** to wit: **"RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on"** the United States and the District of Columbia respectively.

XVII. The opposing parties thereby had an opportunity to engage this action in their defense, whereby one party did and the other did not.

XVIII. Plaintiff now repeats his statements hereabove, particularly statement number XIV hereabove; and now incorporates his <u>Opposition to the District of Columbia's motion for "Enlargement of time...Judgment"</u> and now asserts that by its own admission the District of Columbia did not respond to plaintiff's original complaint. [Quote: ***"Additional time is needed...to draft papers responsive to plaintiff's allegation."*** ] In fact the District of Columbia in one statement acknowledged that it received "pleadings", but never acknowledged either the summons previously served upon the District of Columbia, see **Docket entry #8,** or the original complaint. Instead, what the District of Columbia did was to very carefully mention the title of the amended

complaint, so docketed, see **Docket entry #15**, based solely upon its title "Refiled Complaint" a word derived from recollection[2] of this Courts own order of 23 August 2007 stating:

> "...plaintiff shall file separately, but contemporaneously, and amended complaint that delineates the claims against the federal defendants and sets forth supporting facts for each claim."

XVIX. Even were the District of Columbia to prevail on its abhorrent demand for more time, and then responded to the "Refiled Complaint" without acknowledging that the "Refiled Complaint" is the Amended Complaint, the order of 23 August 2007 issued by this Court is in comport with the responses filed by counsel of the Federal Defendants and not the District of Columbia. Plaintiff now reiterates that it is not becoming for the District of Columbia to piggy-back its defense on the activities of its co-defendants. The fact remains that to this day the District of Columbia has not even so much as acknowledged the summons, the original complaint, or that there is in fact an amended complaint, and in line with the Order, the need for the amended complaint has nothing to do with the District of Columbia *reim nolle respondea.*

XV. But even were the Court to accept that the Refiled Complaint is the Amended Complaint, as Plaintiff intended, and then accepted the District of Columbia's proffered entry and such, then with the District of Columbia still not clearly acknowledging the summons or original complaint, and failing to proffer any defense for its unresponsiveness in its proffered 'motion for enlargement of time....default', this renders its proffered motion moot, because one cannot have more time to respond to an amended complaint where there is no acknowledgment of the complaint being amended in the first place,[3] and once again what we have here is a failure of the District of Columbia to acknowledge that which all evidence:

1. the Return of Service, (**Docket Entry # 8),**

---

[2] the stamped reRECEIVED, and other stamps of the "Refiled Complaint, therein **Docket Entry** as at this witing ALeis does not have a copy of this Court's Order inf front of him from which to quote." Lewis avers here that the "Refiled Complaint" is the amended complaint and so correctly docketed.

[3] Plaintiff urges this Court to consider Astor v Wells, 17 U.S. 466(1819), 17 U.S. 466, (Wheat.), February Term, 1819, Page 482. Just as "There cannot be a subequent purchaser, unless ther had been a former one", there cannot be an amended complaint unless there had been an original complaint. (The case was not dismissed, the complaint was merely amended).

**#17, marked "Exhibit #4, as well as**

3. its own admission that it received that document as stated in its own proffered motion

indicates it in fact received; a summons, a complaint, and then an amended complaint all of which it

fails to respond to.


### The District of Columbia Provides No Adequate Defense

XVI. Plaintiff repeats his statements I through XV above and now adds that even if this Court

accepts the District of Columbia's proffered pleadings thus far as **"Response",** at best the District of

Columbia only refers to the plaintiff as having "pleadings", but we are left to infer that the defendant

acknowledges a suit underway and that the "pleadings" are those filed with this Court, if, for that

matter, the District will even acknowledge them to be pleadings at all, and the District of Columbia

even fails to assert that it declaratively questions the validity of the served a summons. There are

only "vague references" *(Note* **Docket #10,** *Memorandum, pg 3)* to pleadings that the defendant

refers to, suggesting that the plaintiff "alleges". There is nothing in the defendant's proffered motion

to indicate compelling acknowledgment of the existence of a summons, a complaint, or an amended

complaint, and no discussion from the District of Columbia as to why the Court should accept its

unresponsiveness in that light.


XVII. The Plaintiff files suit for redress of time because he believes he was treated in a very

disparate manner in relation to this matter particularly commencing on 28 January 2004. He has

repeatedly restated specific facts in relation to the inciting incident, and complained because of the

failure of the District of Columbia to address his administrative pleadings, and thereby exhausting

time for his pleadings at civil suit. The District of Columbia on the other hand offers vague

assertions in a convoluting motion in an attempt to evade the inevitable request to the Clerk of the

Court pursuant to F.R.C.P. 55(a) to enter the priviously requested injunctive Judgment by Default

against the District of Columbia for its failure to respond, and blind-side the plaintiff from observing

the opportunity to seize the moment and enter this one. A court should **not** award a party that engages in artful and taciturn maneuvers in proffering arguments of notice and awareness in an attempt to evade agreements, judgments, debts, and so forth . *ASTOR, 17 U.S. 466 1819.*

### Plaintiff is Entitled to Releif as a Matter of Right

XVIII. F.R.C.P. 55 (a) allows for the entry of a "judgement for affirmative relief" whenever a party "failed to plead or othewise defend as provided by" the procedural rules. The plaintiff herein has clearly indicated the degree to which the District of Columbia has failed in ths regard and the record before the Court speaks for itself.

XVIX. Plaintiff here avers that the District of Columbia as a defendant here is by no means an infant, but is rather a Government and is subject to judgment by default in accordance wth F.R.C.P. 55(b)(2).

XXX. WHEREFORE The plaintiff being hereby entitled to judgment in his favor now respectfully requests that the Court so grant his Application.

Respectfully submitted by,

Radcliffe Bancroft Lewis, Plaintiff, *Pro Se*

1901 15th Street, NW, #4

Washington, DC  20009

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**333 Constitution Avenue NW. Washington, DC 20001**

Radcliffe Bancroft Lewis, *Pro Se*
    *Plaintiff*

vs.

                                          Case No.: 1:07 –cv-697 rjl

District of Columbia, Et al
***Defendants***

### ORDER

#### Re:

## APPLICATION FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT DISTRICT OF COLUMBIA

*Pursuant to F.R. Civ. P. 55, (a), or, in the alternative, F.R. Civ. P. 55, (b), (2)*

In consideration of Plaintiff's Application For Judgment by Default Against Defendant District of Columbia and all opposition thereto it is hereby
Ordered that the Plaintiff's Motion be, and is GRANTED

WHEREFORE in consideration of Plaintiff's requests:
1. The Court now DECLARES that there are no findings from the defendants sufficient for this Court to determine that Radcliffe Bancroft Lewis is either "not credible" or not to be contracted with. The Plaintiff's full civil rights relative to engaging in contracts and agreements are hereby AFFIRMED.

2. The District of Columbia shall forthwith retain Radcliffe Bancroft Lewis in an "active" status as an investigator and, or, expert witness eligible for voucher payments for performing investigations and other litigation support services for public defenders in keeping with its CJA program pursuant to 18 USC 3006A, as adopted by the District of Columbia.

3. If he so chooses, the plaintiff may file timely file a civil rights complaint within six months of entry of this Order.

4. As the Congress of the United States and the Federal defendants are dismissed from the instant Action, any monetary damages awarded here-below only applies to the District of Columbia.

5. The District of Columbia shall award Five Million and Five Hundred Thousand Dollars (USD $5,500,000.00) to the plaintiff for general damages.


Sign _____ Judge)

Copies to:

Melvin Bolden, Jr. Assistant Attorney General, Office of the Attorney General for the District of Columbia, 441 4th Street, NW, Suite 1060 N, Washington, DC, 20001,

Claire Whitaker, AUSA, The United States Attorneys Office
555 Fourth Street, NW (Room 10808), Washington, DC 20530

Government of the District of Columbia,
C/o    Secretary of the District of Columbia
        1350 Pennsylvania Avenue, Washington, DC 20004