UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE B. LEWIS, | : |
| Plaintiff, | : |
| v. | : Case No. 07-697 (RJL) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendant. | : |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant District of Columbia ("District") hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1) & (6) to dismiss Plaintiff's Complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. In the alternative, the District moves for a more definite statement for the claims against it pursuant to Fed. R. Civ. P. 12(e). In support of this Motion, this Court is referred to the attached memorandum of points and authorities. A proposed order is also attached.

Dated this 7th day of March, 2008.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

       /s/
    KIMBERLY MATTHEWS JOHNSON [#435163]
    Section Chief
    General Litigation Section I

       /s/

KARA L. PETTEWAY [# 975541]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-6522 (phone)
(202) 727-3625 (fax)
kpetteway@fulbright.com

Case 1:07-cv-00697-RJL    Document 31    Filed 03/07/2008    Page 2 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RADCLIFFE B. LEWIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 07-697 (RJL) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendant.** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff, acting pro se, brought the instant action against a number of federal defendants and the District of Columbia ("District"). This Court dismissed the Complaint as to the federal defendants. See Order (2/19/08) (Docket No. 19). The pertinent facts are set forth in that Order. See id. at 1-3.

The District now moves to dismiss the Complaint, or in the alternative, for a more definite statement.

**ARGUMENT**

*A.   The Court Lacks Jurisdiction Over Plaintiff's Complaint and Plaintiff Has
      Failed to State a Claim Upon Which Relief May be Granted*

There is no federal jurisdiction in this case. The Court's analysis should begin and end with this issue – as did its decision with respect to the federal defendants in this action. See Order (Docket No. 19) (2/19/08) at 5 ("For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the claims against the United States.").

Plaintiff has not alleged an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The only claim that could provide a basis for federal question jurisdiction against the District is Count D: "Obstruction of Justice – pursuant to Amendment 1 of the Constitution of the United States – where both the District of Columbia and the United States prohibited Lewis from any access to redress of grievance related to a civil rights complaint.[1]

Count D, however, fails to state a claim upon which relief may be granted, making dismissal of the entire action against the District appropriate pursuant to Fed. R. Civ. P. 12(b)(1) & (6). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Even though plaintiff is pro se, he still must provide sufficient information so that the District can determine what cause of action he is asserting. See Redwood v. Council of the District of Columbia, 679 F.2d 931, 933 (D.C. Cir. 1982). Plaintiff has not done so.

Even construing all inferences in Plaintiff's favor and taking into account the liberal pleading standards afforded to pro se plaintiffs, the instant Complaint fails to allege any facts relating to a First Amendment claim against the District. In fact, the only reference to the District at all is in relation to the District's alleged abrupt termination of Plaintiff's certification

---

[1] Counts A (Libel and or Slander); B (Defamation); and C (Obstruction of Justice, - pursuant to Section of the District of Columbia Bill of Rights) are (assuming those claims are properly pled) state law claims. Count E (Obstruction of Justice – pursuant to Amendment 1 of the Constitution of the United States) only makes allegations with respect to the "Congress of the United States" – there are no allegations whatsoever with respect to the District in Count E.

as a investigator and/or "contractual agreement" with the District. Am. Compl. at 1 & 3. (The remainder of the Complaint focuses on the former federal defendants, who have now been dismissed from this case: the Department of Labor ("DOL"), the Department of Justice ("DOJ"), and the United States Congress.)

Plaintiff alleges that "the District … denied him access to affirmative redress of his claims," but Plaintiff's bare allegations fail to state how the District did so and how such a denial is a First Amendment violation. Further, Plaintiff fails to allege how and why the District's termination of his certification as a investigator and/or "contractual agreement" violates his First Amendment rights, or constituted a "denial of redress." Therefore, Count D, Plaintiff's First Amendment claim against the District, fails to state a claim upon which relief may be granted, and consequently the Complaint should be dismissed.[2]

### B.     In the Alternative, the Court Should Order Plaintiff to Provide a More Definite Statement of His Claims

Should the Court determine that dismissal of the Complaint is inappropriate at this stage, the District moves, in the alternative, for an order directing Plaintiff to provide a more definite statement of his claims against the District pursuant to Fed. R. Civ. P. 12(e). Because Plaintiff's claims are so vague and ambiguous that the District cannot reasonably be required to frame a responsive pleading, Plaintiffs should be required to provide a more definite statement of his claim. See Towers Tenant Ass'n, Inc. v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1993).

---

[2] Moreover, the only relief that could even be granted by the Court is monetary relief. The remainder of Plaintiff's requests (declaratory judgment that Plaintiff is credible; activation of Plaintiff's status as an investigator; ordering of an investigation of Plaintiff's civil rights complaint) cannot be awarded by the Court.

**CONCLUSION**

For all of the reasons stated above, the District respectfully requests that this case be dismissed with prejudice, or, in the alternative, that Plaintiff be ordered to provide a more definite statement of his claim against the District. A proposed form of order is attached.

Dated this 7th day of March, 2008.

                                  Respectfully submitted,

                                  PETER J. NICKLES
                                  Interim Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division

                                  /s/
                                  KIMBERLY MATTHEWS JOHNSON [#435163]
                                  Section Chief
                                  General Litigation Section I

                                  /s/
                                  KARA L. PETTEWAY [# 975541]
                                  Assistant Attorney General
                                  441 4th Street, N.W.
                                  6th Floor South
                                  Washington, D.C. 20001
                                  (202) 442-6522 (phone)
                                  (202) 727-3625 (fax)
                                  kpetteway@fulbright.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RADCLIFFE B. LEWIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 07-697 (RJL) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendant.** : | |
| : | |

## [PROPOSED] ORDER

Upon consideration of Defendant District of Columbia's Motion to Dismiss Plaintiff's Complaint, Or In The Alternative, For A More Definite Statement, and any opposition or reply thereto, it is hereby, this _____ day of _____, 2008,

ORDERED that Defendant District of Columbia's Motion is GRANTED; and it is further

ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

                                              _____

                                              UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2008, a copy of the foregoing Motion to Dismiss Plaintiff's Complaint, Or In The Alternative, For A More Definite Statement, the Memorandum of Points and Authorities in Support Thereof, and the Proposed Order were mailed postage prepaid to:

Radcliffe B. Lewis
1901 15th NW #4
Washington, DC 20009

/s/
Kara L. Petteway
Assistant Attorney General
