UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RADCLIFFE BANCROFT LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0697 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| JUDICIARY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER
(July **24**, 2008)

Pending before the Court are plaintiff's Application for Judgment by Default Against Defendant District of Columbia [Dkt. No. 27], Motion to Consolidate and Strike the Appearance of Proffered Counsel for Defendant District of Columbia and for Judgment on the Pleadings [Dkt. No. 28], Motion for Joinder of Additional Parties and Reconsideration of Parties Previously Dismissed [Dkt. No. 39] and Amended Motion for Joinder of Claims, Remedies, and Parties, for Substitution, and For Reconsideration of Parties Previously Dismissed [Dkt. No. 42]. Also pending is defendant District of Columbia's motion to dismiss or for a more definite statement [Dkt. No. 31]. For the following reasons, the Court **denies** all of the foregoing motions.

On April 19, 2008, the Court permitted the filing of plaintiff's second amended complaint [Dkt. No. 40]. The District of Columbia's previously filed dispositive motion therefore is moot.

Considering plaintiff's various motions, and addressing only those parts meriting discussion, the Court denies the motion for default judgment because the docket does not contain

an entry of default against the District of Columbia, *see* Fed. R. Civ. P. 55(a), and the District has now appeared in the case and responded to the complaint. The Court denies plaintiff's motions seeking to join additional parties because as was previously determined, plaintiff's official-capacity lawsuit is against the governmental entity, namely, the District of Columbia. Order of July 11, 2007 [Dkt. No. 6]. Plaintiff's second amended complaint presents no basis to warrant reconsideration of that conclusion at this time.[1]

The Court denies plaintiff's motion to reconsider the Order of February 19, 2008 [Dkt. No. 19], dismissing the complaint against the United States for lack of subject matter jurisdiction, because the second amended complaint does not cure the jurisdictional defect. Although plaintiff adds a defamation claim against the United States, *see* 2nd Am. Compl. at 6, the claim is not only based on events unrelated to this civil action but may be procedurally barred by the previous civil action upon which it is based. *See id.* (*citing Lewis v. Wallace*, Civ. Action No. 04-600 (D.D.C.) (Kessler, J.). In any event, plaintiff has not demonstrated that he exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, which is a jurisdictional prerequisite to obtaining judicial review of such claims. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Logan v. Dep't of Veteran Affairs,* 404 F. Supp.2d 72, 78 (D.D.C. 2005). Even if plaintiff had so exhausted, he could not proceed because defamation claims are not

---

[1] The second amended complaint names as defendants employees of the District of Columbia Public Defender Service ("PDS") in their official capacity. It is unclear from PDS' enacting statute if it is capable of being sued in its own right. *See* D.C. Code §§ 2-1601 *et seq.* Before involving the Clerk and the Marshals Service in issuing summons and serving process upon PDS pursuant to 28 U.S.C. § 1915(d), the Court, in the interest of judicial economy, will direct counsel for the District of Columbia to elucidate.

cognizable under the FTCA. *See* 28 U.S.C. § 2680(h); *Avery v. United States*, 534 F. Supp.2d 40, 42 (D.D.C. 2008) ("United States enjoys sovereign immunity as to Plaintiff's defamation claim."); *Logan*, 404 F. Supp.2d at 78 n.7 ("The FTCA specifically exempts claims based on the torts of 'libel, slander, misrepresentation, deceit'") (*quoting* § 2680(h)).

Accordingly, it is

**ORDERED** that the District of Columbia' motion to dismiss or for a more definite statement [Dkt. No. 31] is **DENIED** without prejudice; it is

**FURTHER ORDERED** that plaintiff's motion for default judgment [Dkt. No. 27], motion to consolidate, for judgment on the pleadings and to strike [Dkt. No. 28], and motion for joinder and reconsideration of order [Dkt. Nos. 39, 42] are **DENIED**; it is

**FURTHER ORDERED** that within **five (5) days** from the filing date of this Order, counsel for the District of Columbia shall state whether the District of Columbia Public Defender Service is an entity capable of being sued in its own right; and it is

**FURTHER ORDERED** that within **twenty (20) days** from the filing date of this Order, the District of Columbia shall answer or otherwise respond to plaintiff's second amended complaint.

_____
RICHARD J. LEON
United States District Judge