UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RADCLIFFE BANCROFT LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-0697 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA JUDICIARY, | ) | |
| *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
TO AMENDED COMPLAINT

Defendant, District of Columbia ("defendant"), through the undersigned counsel, hereby responds to plaintiff's Amended Complaint. The District asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

Second Defense

The District states the following in response to the individually numbered paragraphs in the First Amended Complaint.

1. Pursuant to this Court's July 11, 2007, Order, the parties to the instant action are the District of Columbia and the United States.

2. In this Court's July 24, 2008 Order, filed herein on July 29, 2008, the defendant was ordered to file a statement regarding whether or not suit could be brought against the District of Columbia Public Defender Service. Defendant filed a Statement

Regarding the Public Defender Service on August 4, 2008. Currently, the Public Defender Service is not a party to this action.

## Introduction

Defendant incorporates by reference its responses to paragraphs 1-2 of the Amended Complaint.

3. Paragraph 3 contains conclusions of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

4. Defendant admits that the Civil Rights Act of 1964 exists; however, the remaining allegations in paragraph 4 contain conclusions of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

5. Paragraph 5 contains conclusions of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

6. Defendant denies that the defendants in the instant action "are in collusion, to defame plaintiff and render him economically disadvantaged, and to deny him due process of redress by convoluting his access to the courts." The remaining allegations contained in paragraph 6 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

General Allegation

Defendant incorporates by reference its responses to paragraphs 1-6 of the Amended Complaint.

7. Denied.

8. Plaintiff makes no claims against Defendant District of Columbia in paragraph 8 and; therefore, no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9 against the District of Columbia. Plaintiff makes claims against the United States to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the remaining allegations against the United States in paragraph 9.

10. Plaintiff makes no claims against Defendant District of Columbia in paragraph 10 and; therefore, no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10.

11. Paragraph 11 contains conclusions of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

12. Plaintiff makes no claims against Defendant District of Columbia in paragraph 12 and; therefore, no response is required. To the extent a response is required,

defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12.

13. Defendant denies that the District of Columbia plays a part in retaliating against plaintiff. Plaintiff makes claims against the United States to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the remaining allegations against the United States in paragraph 13.

### Jurisdiction and Venue

Defendant incorporates by reference its responses to paragraphs 1-13 of the Amended Complaint.

14. Paragraph 14 contains conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

15. Defendant admits that this Court dismissed Chief Judge Rufus King III and Nancy Pelosi as parties to this action in its July 11, 1007, Order filed herein. Plaintiff makes claims against the District of Columbia Public Defender Service to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the remaining allegations against the Public Defender Service in paragraph 15. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant acknowledges Amendment I of the United States Constitution cited in paragraph 16 but denies all liability thereunder. Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant acknowledges Article I Section 10 of the United States Constitution cited in paragraph 17 but denies all liability thereunder. The remaining allegations contained in paragraph 17 are of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

18. Defendant acknowledges Amendment XIV of the United States Constitution cited in paragraph 18 but denies all liability thereunder.

19. Defendant acknowledges Section 4 of Amendment XIV of the United States Constitution cited in paragraph 19 but denies all liability thereunder.

20. Defendant acknowledges Amendment XIII of the United States Constitution cited in paragraph 20 but denies all liability thereunder.

21. Denied.

22. Paragraph 22 poses a question to the United States which defendant can neither admit nor deny; however, to the extent an answer is required defendant lacks sufficient knowledge or information to admit or deny paragraph 22.

23. Paragraph 23 poses a question to the United States which defendant can neither admit nor deny; however, to the extent an answer is required defendant lacks sufficient knowledge or information to admit or deny paragraph 23.

24. Paragraph 24 poses a question to the United States which defendant can neither admit nor deny; however, to the extent an answer is required defendant lacks sufficient knowledge or information to admit or deny paragraph 24.

25. Paragraph 25 poses a question to the United States which defendant can neither admit nor deny; however, to the extent an answer is required defendant lacks sufficient knowledge or information to admit or deny paragraph 25.

26. Paragraph 26 poses a question to the United States which defendant can neither admit nor deny; however, to the extent an answer is required defendant lacks sufficient knowledge or information to admit or deny paragraph 26.

27. Denied.

28. Paragraph 28 contains conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein.

29. Defendant acknowledges 28 U.S.C. §1331 cited in paragraph 29 but denies all liability thereunder. The remaining allegations in paragraph 29 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

30. The allegations in paragraph 30 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

31. The allegations in paragraph 31 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

32. The allegations in paragraph 32 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

### The Program

Defendant incorporates by reference its responses to paragraphs 1-32 of the Amended Complaint.

33. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 33.

34. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34.

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35.

36. The allegations in paragraph 36 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 36.

37. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 37.

38. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 38.

39. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 39.

40. The allegations in paragraph 40 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 36.

41. The allegations in paragraph 41 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 41.

42. The allegations in paragraph 42 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 42.

43. The allegation in paragraph 43 is a conclusion of law or of the pleader to which no response is required.

44. The allegations in paragraph 44 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant asserts that Amendment XI of the United States Constitution correctly states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

45. The allegation in paragraph 45 is a conclusion of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 are conclusions of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is

without sufficient information to admit or deny the allegations contained in paragraph 47.

## Cause of Action

Defendant incorporates by reference its responses to paragraphs 1-47 of the Amended Complaint.

48. The allegations contained in paragraph 48 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 48.

49. The allegations contained in paragraph 49 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 50.

## Claims for Relief

Defendant incorporates by reference its responses to paragraphs 1-50 of the Amended Complaint.

51. Defendant denies the allegations in paragraph 51 and demands strict proof thereof at trial.

52. Defendant denies the allegations in paragraph 52 and demands strict proof thereof at trial.

53. The allegations contained in paragraph 53 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 53 and demands strict proof thereof at trial.

54. The allegations contained in paragraph 54 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 54 and demands strict proof thereof at trial.

55. The allegation in paragraph 55 is a conclusion of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 55 and demands strict proof thereof at trial.

56. The allegations contained in paragraph 56 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 56 and demands strict proof thereof at trial.

57. The allegations contained in paragraph 57 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 57 and demands strict proof thereof at trial.

58. The allegation in paragraph 58 is a conclusion of law or of the pleader to which no response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 58 and demands strict proof thereof at trial.

59. Defendant denies the allegations in paragraph 59 and demands strict proof thereof at trial.

60. Paragraph 60 contains allegations against the United States which does not require a response from the defendant. To the extent a response is required, defendant is

without sufficient information to admit or deny the allegations contained in paragraph 60 and demands strict proof thereof at trial.

61. Paragraph 61 contains allegations against the United States which does not require a response from the defendant. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 61 and demands strict proof thereof at trial.

62. Paragraph 62 contains allegations against the United States which does not require a response from the defendant. To the extent a response is required, defendant is without sufficient information to admit or deny the allegations contained in paragraph 62 and demands strict proof thereof at trial.

63. Defendant denies the allegations made against the District of Columbia contained herein. Defendant neither admit nor deny the allegations made against the United States contained herein. The remaining allegations contained in paragraph 63 are conclusions of law or of the pleader to which no response is required. To the extent a response is required, to any allegation against the United States, defendant is without sufficient information to admit or deny the allegations and demands strict proof at trial.

Any allegations not expressly admitted or denied herein are denied.

### Third Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code §12-309.

### Fourth Defense

Defendant is entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

### Fifth Defense

The actions of the defendant, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

### Sixth Defense

Plaintiff may have failed to exhaust all his administrative remedies.

### Eighth Defense

If the plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Ninth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Tenth Defense

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

Eleventh Defense

Plaintiff's claim might be barred by the doctrine of laches, waiver, estoppel or the applicable statute of limitations.

Twelfth Defense

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

***SET-OFF***

The District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

WHEREFORE, the District prays the Court will dismiss the Amended Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Dated August 15, 2008.

    Respectfully submitted,

    PETER J. NICKLES
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Vanessa E. Atterbeary*
VANESSA E. ATTERBEARY [478070]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S-070
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Vanessa.Atterbeary@dc.gov